ASSOCIATED TRANSPORT, INC., et al., Appellants-Respondents, *v.* CITY OF SYRACUSE et al., Respondents-Appellants; TRAFFIC COMMISSION OF THE STATE OF NEW YORK, Defendant, and JOHN J. DEGAN, as Mayor of the Village of Solvay, et al., Respondents.

Fourth Department, December 29, 1948.

*John T. Deegan,* attorney for appellants-respondents.

*Lyle W. Hornbeck, Corporation Counsel (Arthur M. Beach* of counsel), for respondents-appellants.

*Leon Tarolli,* attorney *(George R. Fearon* of counsel), for respondents.

*Per Curiam.* Plaintiffs, intrastate and interstate motor carriers of freight, seek, in this action, an injunction enjoining defendants, City of Syracuse and its officers, and Village of Solvay and its officers, from enforcing ordinances adopted by each municipality regulating the use of the streets of each municipality by trucks such as plaintiffs' motor trucks. The Syracuse ordinance requires all westbound motor trucks, of the kind operated by these plaintiffs, to use Erie Boulevard and Milton Avenue to the west line of the city. Milton Avenue is a street of the city of Syracuse, which continues westerly into the village of Solvay. Solvay, by its ordinance, excludes motor trucks, such as used by plaintiffs in their business, from Milton Avenue and the streets immediately adjoining it. The essence

of the complaint is that, by the combination of the ordinances plaintiffs' west-bound freight traffic can enter Solvay on Milton Avenue only and that, since Solvay prevents the use of that street, or any adjoining village streets, the actual effect of the two ordinances is to prevent any westbound traffic from proceeding further west than the west line of the city of Syracuse. The record indicates that the Solvay ordinance was enacted prior to the Syracuse ordinance. A temporary injunction was granted restraining Syracuse from enforcing its ordinance. As a result, plaintiffs' westbound traffic now leaves Erie Boulevard at its junction with Genesee Street and travels west over Genesee through the city of Syracuse to the village of Solvay, and on West Genesee westward through and from Solvay.

After joinder of issue Solvay moved to dismiss the complaint as against it. Plaintiffs then moved for judgment on the pleadings against both defendants. On the argument of those two motions Syracuse, in addition to opposing plaintiffs' motion, sought an affirmative judgment, in its favor, dismissing the complaint against it. The motions were heard by the Onondaga Special Term, and by a decision dated July 30, 1947, the Special Term denied plaintiffs' motion, and that of Solvay, but granted judgment on the pleadings, as against· plaintiffs, in favor of Syracuse dismissing the complaint as to it. However, no order effectuating the memorandum decision of the Special Term was ever entered. Thereafter the same Special Term granted a reargument, and also gave permission to Solvay to file an amended answer, which the latter filed, and in which Solvay sought the same affirmative relief as Syracuse, which plaintiffs, in their complaint, are asking as against Syracuse. Syracuse then moved to strike from the amended answer the allegations which might warrant the demand for affirmative relief in favor of Syracuse against it.

A reargument was then had of the original motions, and the motion of Syracuse to strike out portions of Solvay's answer seeking affirmative relief against it, was argued at the same time. Thereafter the Special Term denied plaintiffs' motion for judgment on the pleadings against Syracuse and Solvay, and also the motions of Solvay and Syracuse for judgment in their favor, dismissing the complaint as to them. By a separate order the Special Term denied the motion of Syracuse to strike out portions of Solvay's amended cross answer, as against it. From the order denying plaintiffs' motion for judgment, plaintiffs appealed. From the order denying Syracuse's motion to

dismiss the complaint as to it, Syracuse appealed. Solvay did not appeal. Syracuse likewise appealed from the order denying its motion to strike from Solvay's answer those portions of it seeking affirmative relief against it.

We reach the conclusion that plaintiffs' motion was properly denied, and the same conclusion as to the Special Term's disposition of the respective motions of Solvay and Syracuse to dismiss plaintiffs' complaint as to each.

The situation disclosed by the record is an extraordinary and unusual one. If, as claimed by plaintiffs, the combined effect of these two ordinances virtually stops them, as intrastate and interstate motor carriers of freight, from moving such freight westerly from the city of Syracuse, then concededly the situation is one which is rare and unusual. We recognize that, as to intrastate motor freight carriers, the Legislature has accorded to municipalities the right to exclude such motor traffic from specific streets. We also recognize that it is not imposing an undue burden on interstate commerce for a municipality, similarly, to exclude such motor freight traffic from a given street or streets. Nevertheless such exclusionary ordinances cannot be adopted arbitrarily or capriciously, but must have some basis of necessity, and usually requires the affording of another route reasonably adequate and useful. However, the situation disclosed by this record is so unusual that it cannot be determined on the pleadings alone. It will be difficult of determination after there has been a full and complete hearing. On such trial the issues will be, at least, the reasonableness and necessity for the ordinances of Syracuse and Solvay, and the situation in which plaintiffs will be left if either or both ordinances are held valid.

Passing now to the determination of the appeal of Syracuse from the order denying its motion to strike from Solvay's cross answer those portions which seek affirmative relief against it, declaring in favor of Solvay that the Syracuse ordinance is illegal and void, a more troublesome question is presented. Ordinarily it would seem that if plaintiffs fail, as against Syracuse, in their action, Solvay would have no standing, insofar as it sought, by its cross answer, the same relief, as against Syracuse, which plaintiffs sought. However, we do not see where the cross answer injects any new or additional issue into the trial of the issues tendered by plaintiffs' complaint. Accordingly, we reach the conclusion that Syracuse is not harmed by the presence in Solvay's answer of that portion seeking affirmative relief as against it. We do not deem it necessary, at this stage of the

litigation, finally, to determine that under no circumstances could Solvay make proof which might entitle it to affirmative relief as against Syracuse. Neither are we called upon now to determine what Solvay's rights, if any, would be in the event the plaintiffs succeeded as against both defendants but refused to enforce injunctive relief as against Syracuse, or having obtained a judgment in its favor against both defendants, sought to enforce it solely against Solvay.

For the foregoing reasons the orders should be affirmed.

All concur. Present — TAYLOR, P. J., McCURN, LARKIN, LOVE and KIMBALL, JJ.

Order entered January 30, 1948, denying motion of respondents-appellants to strike out the fifth separate defense and cross complaint in the answer of respondents, affirmed, with $10 costs and disbursements.

Order entered February 10, 1948, denying motion by plaintiffs for judgment on the pleadings and denying motion for a dismissal of the complaint, affirmed, without costs of this appeal to any party.