THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
MEYER GREENWALD, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
MARVIN FLEET, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
STEPHEN J. STRAUSS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JACOB SCHAFFER, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
DAVID KASKELL, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JOHN HILL, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
GLADYS SIEGEL, Appellant.

Argued April 19, 1949; decided June 2, 1949.

Louis E. Yavner for Meyer Greenwald, appellant. I. By failing to adduce any evidence of the amount of "lawful charges" for the professional offices involved, or of any express "addition to lawful charges," the People failed to prove an essential element of the offense proscribed in section 965 of the

Penal Law, and thus failed to prove commission of a crime. Defendant's conviction was erroneous. (2 Bishop's New Criminal Procedure, § 1049; *People* v. *Montlake,* 184 App. Div. 578; *Howard* v. *Moot,* 64 N. Y. 262; *Vadney* v. *United Traction Co.,* 193 App. Div. 329; *Hunter* v. *New York, Ontario & Western R. R. Co.,* 116 N. Y. 615; *Flo-Ru-Na, Inc.,* v. *Zimmerman,* 185 Misc. 759; *Spencer* v. *Kupersmit,* 187 Misc. 362; *People* v. *Brill,* 255 App. Div. 452; *People* v. *Lofaro,* 256 App. Div. 1001; *People* v. *Goodstein,* 297 N. Y. 451.) II. The conviction of defendant was based solely upon the uncorroborated testimony of witnesses who were accomplices in the commission of the alleged crimes, and was therefore erroneous. (*People* v. *Hayes,* 210 App. Div. 549; *People* v. *Clougher,* 246 N. Y. 106; *People* v. *Doyle,* 107 Misc. 268; *People* v. *Bissert,* 71 App. Div. 118; *People* v. *Hyde,* 156 App. Div. 618; *People* v. *Hooghkerk,* 96 N. Y. 149; *People* v. *Kress,* 284 N. Y. 452; *People* v. *Reddy,* 261 N. Y. 479.) III. Section 965 of the Penal Law violates the " due process " clauses of both the Federal and State Constitutions in that its provisions fail to define the conduct labeled criminal with clarity, definity and certainty. (*People* v. *Grogan,* 260 N. Y. 138; *People* v. *O'Gorman,* 274 N. Y. 284; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81.) IV. Section 965 is unconstitutional in that it violates the prohibition against incorporation by reference contained in section 16 of article III of the State Constitution. (*Darweger* v. *Staats,* 267 N. Y. 290.) V. Section 965 is unconstitutional in that it violates the prohibition against delegation of legislative power contained in section 1 of article III of the State Constitution. (*Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *Schechter Poultry Corp.* v. *United States,* 295 U. S. 495; *Darweger* v. *Staats,* 267 N. Y. 290.) VI. Section 965 is unconstitutional in that it violates the injunction against impairment of the obligation of contracts contained in section 10 of article I of the Federal Constitution; and constitutes an unlawful interference with the right to contract, in violation of the Fourteenth Amendment. (*Trustees of Dartmouth College* v. *Woodward,* 4 Wheat. [U. S.] 518; *People* v. *Nebbia,* 262 N. Y. 259.) VII. Counts 1, 2, 4, 6, 8, 10 and 11 of the information should have been dismissed since the People did not submit evidence as to these counts that a crime had been committed in New York County. The trial court had no jurisdiction to try these counts

in New York County. (*People* v. *Werblow,* 241 N. Y. 55; *People* v. *Fein,* 292 N. Y. 10.)

*I. Maurice Wormser* and *Bernard I. Strauss* for Marvin Fleet and Stephen J. Strauss, appellants. I. Section 965 of the Penal Law is too vague, indefinite and uncertain to satisfy the Federal and State constitutional requirements of " due process of law." (*People* v. *O'Gorman,* 274 N. Y. 284; *People* v. *Grogan,* 260 N. Y. 138; *Campbell* v. *City of New York,* 244 N. Y. 317; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81; *Standard Chemicals & Metals Corp.* v. *Waugh Chemical Corp.,* 231 N. Y. 51.) II. Section 965 of the Penal Law violates section 16 of article III of the State Constitution, prohibiting incorporation by reference. (*Darweger* v. *Staats,* 267 N. Y. 290.) III. Section 965 of the Penal Law involves an unlawful delegation of legislative powers, in violation of section 1 of article III of the State Constitution. (*Darweger* v. *Staats,* 267 N. Y. 290; *Packer Collegiate Inst.* v. *University of State of N. Y.,* 298 N. Y. 184; *People* v. *Mailman,* 293 N. Y. 887.) IV. Section 965 of the Penal Law contravenes section 10 of article I of the Federal Constitution in that it impairs the obligations of contracts, and the Fourteenth Amendment of the Federal Constitution in that it constitutes an unlawful interference with the natural and constitutional right to contract. It cannot be justified under the so-called " Police Power " of this State. (*People* v. *Nebbia,* 262 N. Y. 259; *Grosjean* v. *American Press Co.,* 297 U. S. 233; *Meyer* v. *State of Nebraska,* 262 U. S. 390; *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *East New York Sav. Bank* v. *Hahn,* 326 U. S. 230.) V. Section 965 of the Penal Law directly and illegally conflicts with the controlling Federal Housing and Rent Acts of 1947 and 1948. (*Woods* v. *Miller Co.,* 333 U. S. 138; *Chicago, Rock Island & Pacific Ry. Co.* v. *Hardwick Farmers Elevator Co.,* 226 U. S. 426; *Charleston & Western Carolina Ry. Co.* v. *Varnville Furniture Co.,* 237 U. S. 597.) VI. The People failed to prove that the charges made by defendant were unlawful; since defendant was a licensed real estate broker, he could charge whatever sum he wished, big or little. VII. The People failed to prove that the payment of money would procure for complainants advantages over others in entering into agreements for the leasing of real property. VIII. As the conviction is

based upon the uncorroborated evidence of admitted accomplices, it must be reversed. (*People* v. *Nitzberg,* 287 N. Y. 183, 289 N. Y. 523.) IX. The People failed to prove the corpus delicti.

*George J. Elkins* for Jacob Schaffer, appellant. I. Section 965 of the Penal Law, in failing to provide guides, standards or criteria as to " lawful charges ", is unconstitutional, since the provisions thereof are too vague, indefinite and uncertain to meet the requirements of due process of law. (*People* v. *Grogan,* 260 N. Y. 138; *People* v. *O'Gorman,* 274 N. Y. 284; *Standard Chemicals & Metals Corp.* v. *Waugh Chemical Corp.,* 231 N. Y. 51.) II. Since section 965 is to be read in conjunction with other State or Federal legislation, and the alleged crime defined and interpreted by reference thereto, the law is unconstitutional as violative of the provisions of section 16 of article III of the State Constitution. (*Darweger* v. *Staats,* 267 N. Y. 290.) III. Section 965 of the Penal Law is invalid because it violates the constitutional requirement prohibiting a delegation of legislative powers. (*Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *Schechter Poultry Corp.* v. *United States,* 295 U. S. 495; *United States* v. *Rock Royal Co-operative,* 307 U. S. 533; *Opp Cotton Mills* v. *Administrator,* 312 U. S. 126; *Darweger* v. *Staats,* 267 N. Y. 290.) IV. Section 965 of the Penal Law violates section 10 of article I, as well as the Fourteenth Amendment of the Federal Constitution, as to freedom of contract and deprivation of property. V. The conviction of defendant was erroneous since it was based upon the uncorroborated testimony of witnesses who were his accomplices in the commission of the alleged crime. VI. The first count of the information should have been dismissed since the People did not adduce evidence of the commission of any crime in New York County. (*People* v. *Fowler,* 152 N. Y. S. 672.)

*I. Maurice Wormser, Hyman Barshay* and *Samuel Bader* for David Kaskell, appellant. I. Section 965 of the Penal Law, under which defendant was convicted, is vague, indefinite and uncertain, and fails to provide an ascertainable standard for determining guilt. Therefore it fails to comply with the " due process " clauses of the Fourteenth Amendment to the United States Constitution and of section 6 of article I of the State Constitution. (*Campbell* v. *City of New York,* 244 N. Y. 317;

*Connally* v. *General Constr. Co.,* 269 U. S. 385; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81; *United States* v. *Capital Traction Co.,* 34 App. D. C. 592; *Lanzetta* v. *New Jersey,* 306 U. S. 451; *Cline* v. *Frink Dairy Co.,* 274 U. S. 445; *People* v. *O'Gorman,* 274 N. Y. 284; *People* v. *Mancuso,* 255 N. Y. 463.) II. Section 965 of the Penal Law violates both section 16 of article III of the State Constitution, which prohibits incorporation by reference, and section 1 of article III of the State Constitution, in that it involves an unlawful delegation of legislative powers. (*Darweger* v. *Staats,* 267 N. Y. 290; *People* v. *Mailman,* 293 N. Y. 887.) III. Congress has evinced a clear intent that no criminal penalties should attach to violations of the Federal Housing and Rent Acts of 1947 and 1948. Section 965 of the Penal Law is therefore unconstitutional and invalid. (*Woods* v. *Miller Co.,* 333 U. S. 138; *Fleming* v. *Mohawk Wrecking & Lumber Co.,* 331 U. S. 111; *Bethlehem Steel Co.* v. *New York State Labor Relations Bd.,* 330 U. S. 767; *Chicago, Rock Island & Pacific Ry. Co.* v. *Hardwick Farmers Elevator Co.,* 226 U. S. 426; *Charleston & Western Carolina Ry. Co.* v. *Varnville Furniture Co.,* 237 U. S. 597; *Gibbons* v. *Ogden,* 9 Wheat. [U. S.] 1.) IV. Section 965 of the Penal Law contravenes section 10 of article I of the Federal Constitution in that it impairs the obligations of contracts, and the Fourteenth Amendment of the Federal Constitution, in that it constitutes an unlawful interference with the right to contract. (*Trustees of Dartmouth College* v. *Woodward,* 4 Wheat. [U. S.] 518; *People* v. *Nebbia,* 262 N. Y. 259; *Grosjean* v. *American Press Co.,* 297 U. S. 233; *Meyer* v. *State of Nebraska,* 262 U. S. 390; *Home Bldg. & Loan Assn.* v. *Blaisdell,* 290 U. S. 398; *East New York Sav. Bank* v. *Hahn,* 326 U. S. 230.)

*Louis E. Yavner* for John Hill, appellant. I. By failing to adduce any evidence of the amount of " lawful charges " for the professional office involved, or of any express " addition to lawful charges," the People failed to prove an essential element of the offense proscribed in section 965 of the Penal Law, and thus failed to prove commission of a crime. Defendant's conviction was erroneous. (2 Bishop's New Criminal Procedure, § 1049; *People* v. *Montlake,* 184 App. Div. 578; *Howard* v. *Moot,* 64 N. Y. 262; *Vadney* v. *United Traction Co.,* 193 App. Div. 329;

*Hunter* v. *New York, Ontario & Western R. R. Co.,* 116 N. Y. 615; *Flo-Ru-Na, Inc.,* v. *Zimmerman,* 185 Misc. 759; *People* v. *Brill,* 255 App. Div. 452; *People* v. *Lofaro,* 256 App. Div. 1001; *People* v. *Goodstein,* 297 N. Y. 451.) II. The conviction was based solely upon the uncorroborated testimony of witnesses who were accomplices in the commission of the alleged crime, and was therefore erroneous. (*People* v. *Hayes,* 210 App. Div. 549; *People* v. *Clougher,* 246 N. Y. 106; *People* v. *Mullens,* 292 N. Y. 408; *People* v. *Bissert,* 71 App. Div. 118; *People* v. *Hyde,* 156 App. Div. 618; *People* v. *Hooghkerk,* 96 N. Y. 149; *People* v. *Kress,* 284 N. Y. 452.) III. Section 965 of the Penal Law violates the " due process " clauses of both the Federal and State Constitutions in that its provisions fail to define the conduct labeled criminal with clarity, definity and certainty. (*People* v. *Grogan,* 260 N. Y. 138; *People* v. *O'Gorman,* 274 N. Y. 284; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81.) IV. Section 965 is unconstitutional in that it violates the prohibition against incorporation by reference contained in section 16 of article III of the State Constitution. (*Darweger* v. *Staats,* 267 N. Y. 290.) V. Section 965 is unconstitutional in that it violates the prohibition against delegation of legislative power contained in section 1 of article III of the State Constitution. (*Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *Schechter Poultry Corp.* v. *United States,* 295 U. S. 495; *Darweger* v. *Staats,* 267 N. Y. 290.) VI. Section 965 is unconstitutional in that it violates the injunction against impairment of the obligation of contracts contained in section 10 of article I of the Federal Constitution, and constitutes an unlawful interference with the right to contract, in violation of the Fourteenth Amendment. (*Trustees of Dartmouth College* v. *Woodward,* 4 Wheat. [U. S.] 518; *People* v. *Nebbia,* 262 N. Y. 259.) VII. The information should have been dismissed since the People did not submit evidence that a crime had been committed in New York County. The trial court had no jurisdiction to try the charge in New York County. (*People* v. *Werblow,* 241 N. Y. 55; *People* v. *Fein,* 292 N. Y. 10.)

*Victor W. Mills* for Gladys Siegel, appellant. I. Section 965 of the Penal Law, upon which the information is based and defendant sentenced, is vague, indefinite and uncertain and

fails to set an ascertainable standard of judgment of conduct, and hence is unconstitutional as a violation of the Fourteenth Amendment to the United States Constitution and section 6 of article I of the State Constitution. (*Campbell* v. *City of New York*, 244 N. Y. 317; *People* v. *Shakun*, 251 N. Y. 107; *Connally* v. *General Constr. Co.*, 269 U. S. 385; *United States* v. *Cohen Grocery Co.*, 255 U. S. 81; *United States* v. *Capital Traction Co.*, 34 App. D. C. 582; *People* v. *O'Gorman*, 274 N. Y. 284; *People* v. *Grogan*, 260 N. Y. 138.) II. Section 965 of the Penal Law is unconstitutional in that it is a clear violation of section 1 of article III of the State Constitution prohibiting the delegation of legislative powers. (*Darweger* v. *Staats,* 267 N. Y. 290; *Packer Collegiate Inst.* v. *University of State of N. Y.*, 298 N. Y. 184.) III. Section 965 of the Penal Law violates section 16 of article III of the State Constitution, which prohibits incorporation by reference. (*Darweger* v. *Staats*, 267 N. Y. 290.) IV. Section 965 of the Penal Law is invalid as being in direct conflict with the express intent of the Federal Housing and Rent Acts of 1947 and 1948. (*Charleston & Western Carolina Ry. Co.* v. *Varnville Furniture Co.*, 237 U. S. 597; *Southern Ry. Co.* v. *Railroad Comm. of Ind.*, 236 U. S. 439; *International Shoe Co.* v. *Pinkus,* 278 U. S. 261.)

*Frank S. Hogan, District Attorney* (*Whitman Knapp, Harold Roland Shapiro, Peyton H. Moss* and *Edgar J. Nathan, 3d,* of counsel), for respondent. I. The statute is a valid exercise of State power. (*People* v. *Harkavy*, 192 Misc. 580; *People* v. *Cooper,* 268 App. Div. 966, 294 N. Y. 797; *People* v. *Weller,* 237 N. Y. 316, *Weller* v. *New York,* 268 U. S. 319; *Kay* v. *United States,* 303 U. S. 1; *Matter of Tartaglia* v. *McLaughlin,* 297 N. Y. 419; *Friedman* v. *New York Central R. R. Co.*, 206 App. Div. 169; *St. Luke's Hosp.* v. *Godet,* 171 Misc. 7; *Samuels* v. *Quartin,* 108 F. 2d 789; *Surace* v. *Danna,* 248 N. Y. 18; *People ex rel. Durham Realty Corp.* v. *La Fetra,* 230 N. Y. 429, 257 U. S. 665; *Veix* v. *Sixth Ward Bldg. & Loan Assn.,* 310 U. S. 32.) II. The testimony of the payor-witnesses does not require corroboration. (*People* v. *Harkavy*, 192 Misc. 580; *People* v. *Beggs,* 178 Cal. 79; *Hornstein* v. *Paramount Pictures*, 292 N. Y. 468; *People* v. *Blank,* 283 N. Y. 526.) III. Venue was, in all cases, properly laid in New York County. (Code Crim. Pro., § 134; *People* v. *Hudson*

*Valley Constr. Co.,* 217 N. Y. 172; *People* v. *Griffin,* 2 Barb. 427; *People* v. *Vario,* 165 Misc. 842; *People* v. *Levy,* 123 Misc. 845; *People* v. *Licenziata,* 199 App. Div. 106.)

FULD, J. Taking advantage of New York City's acute post-war housing shortage, each of these defendants exacted from apartment seekers automobiles or large cash payments, amounting in some instances to thousands of dollars, on the strength of representations that such contributions would facilitate and influence the securing of accommodations. Convicted of violating section 965 of the Penal Law, entitled '' Excessive charges in connection with rental agreements '', defendants challenge their convictions upon constitutional grounds.

Section 965 makes it a misdemeanor for anyone either (1) to request, collect or accept from another '' any donation, gratuity, bonus, emolument, gift, payment or thing of value, in addition to lawful charges,'' upon the representation or understanding that '' compliance  *  *  *  will facilitate, influence or procure an advantage over others in entering into an agreement '' for rental of real property or (2) to refuse to enter into any such agreement '' unless he receives  *  *  *  any such donation, gratuity, bonus  *  *  *  gift, payment or thing of value ''.

The provision is — contrary to defendants' contention — not a rent control statute and does not purport, singly or in conjunction with other statutes or regulations, to prescribe or limit the amount of rent that may be charged. That is the province of other legislation, federal, state and local. (See, e.g., Emergency Commercial Rent Control Law, L. 1945, ch. 3; McKinney's Unconsol. Laws, § 8521 *et seq.*; Emergency Business Rent Control Law, L. 1945, ch. 314; McKinney's Unconsol. Laws, § 8551 *et seq.*; Federal Housing and Rent Control Acts of 1947, 1948, 1949, U. S. Code, tit. 50, Appendix, § 1881 *et seq.*; N. Y. C. Adm. Code, § U41–4.0, subd. d.) And, since that is so, it completely disposes of the claims that there was either an incorporation of any other laws by reference (N. Y. Const., art. III, § 16) or an unlawful delegation of legislative powers (N. Y. Const., art. III, § 1).

Nor is there basis for defendants' further plaint that the statute is vague and uncertain and lacks an ascertainable standard. In our view, section 965 meets the constitutional tests by

giving reasonable notice of " what must be done and what must be avoided " and of how the charge may be defended. (See *People* v. *Grogan,* 260 N. Y. 138, 145; see, also, *People* v. *Mancuso,* 255 N. Y. 463, 469; *Gorin* v. *United States,* 312 U. S. 19, 26; *Cline* v. *Frink Dairy Co.,* 274 U. S. 445, 459–460; *Connally* v. *General Constr. Co.,* 269 U. S. 385, 391–392; *United States* v. *Cohen Grocery Co.,* 255 U. S. 81, 92; *International Harvester Co.* v. *Kentucky,* 234 U. S. 216, 223.)

Designed to prevent the exploitation of those in desperate need of rental accommodations, the statute prohibits and condemns the acceptance of donations, gratuities, bonuses or gifts in connection with arranging leases. The phrase, " in addition to lawful charges," defines no essential element of the crime, simply serving to limit the immediately preceding words " payment or thing of value," and to assimilate their meaning to that of the operative and controlling words — donation, gratuity, bonus or gift. In short, no extra premiums are tolerated, however ingeniously cloaked or disguised as payments; the fees collected must represent the charges for actual services.

In that respect, several defendants, being licensed real estate brokers or salesmen, make the separate contention that, since there is no limit to the amount of brokerage commissions which they may lawfully charge, they are immune from prosecution under section 965. We find their argument unpersuasive. The Real Property Law, in permitting a broker to collect commissions for legitimate services (Real Property Law, §§ 442-d, 440 *et seq.*), gives him no general license to exact tribute from a prospective tenant on the strength of a representation that such a payment will yield to the latter an advantage over others in securing a lease. The question presented upon the trial of a broker defendant is not different in any essential from that involved in the case of an unlicensed person. In each, the issue is, was the payment *in fact* exacted as a special premium of the type condemned, or was it received in payment of some legitimate service? As to two of the defendants here involved that question was answered in the affirmative by reason of their formal admissions — in one instance, by a plea of guilty, in the other, by a refusal to plead following disallowance of a demurrer (Code Crim. Pro., § 330). As to the remaining defendants, the affirmative answer implicit in the trial court's finding of guilt is supported by overwhelming proof.

While the fact issue raised may in the abstract seem difficult, it is of a type with which the criminal courts are entirely familiar, of a sort with which they are constantly called upon to deal. A similar issue is met in the prosecution of a labor racketeer for extortion, when the defendant concedes receipt of the alleged extortionate payment but claims that it waš accepted in return for some legitimate service to labor or management. (Cf., e.g., *People* v. *Parkinson,* 297 N. Y. 749; *People* v. *Fay,* 296 N. Y. 510.) In the present prosecutions, the People more than met the burden of establishing, beyond a reasonable doubt, that the defendants, licensed or not, exacted large sums, not in return for legitimate services, but in manifest violation of the statute.

Defendants' remaining points we consider to be lacking in merit.

In each case, the judgment should be affirmed.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and BROMLEY, JJ., concur.

Judgments affirmed.