Dore, J.
(dissenting in part). Insofar as the judgment is modified by reducing the jail sentence of each defendant from one year to six months in the New York City Penitenitary, I dissent in part and vote to affirm the judgment appealed from in its entirety.
Defendants were convicted at Special Sessions on numerous counts for grossly excessive charges in connection with rental agreements in violation of section 965 of the Penal Law and a conspiracy to violate. Both defendants were unanimously convicted by the three judges who tried the case and the sentences imposed were unanimous. The record is voluminous; the proof of guilt overwhelming; neither defendant testified.
A large number of different apartment houses owned by defendants are involved as places where excessive rentals were extorted in addition to the lawful rental charge. Defendants made it a practice to demand bonuses either outright or under the guise of payment for worthless furniture from tenants who are among the poorest of the poor in this community. The bonuses paid by the victims ranged from $100 to $600 and the furniture they were compelled to purchase to secure their apartments was of trivial value. The charges for furniture bought for a pittance from the Salvation Army or secured from abandoned furniture in basements in many instances exceeded by far the entire annual rentals for the apartments in question.
At the sentence, the Justice presiding stated that in his judgment “this is the most flagrant case we have had ” and said that the victims were “ the most distressed families that I have seen in court. They were victims of extortion.”
*930 I see nothing in the record or probation report that indicates the sentences imposed are excessive. These defendants have consistently showed their contempt for the law and its enforcement. There are no extenuating circumstances of the criminal course of conduct deliberately pursued by these two defendants over a period of time. In view of the numerous violations of the statute and defendants’ persistence in the violations with knowledge of previous prosecutions, I think this court should not say that the discretion of the Special Sessions Judges was abused in imposing a year’s sentence. Defendants own many parcels of real estate. The offenses of which they have been here convicted are not their only offenses. The probation record, consideration of which is proper on the extent of the sentence, discloses in the corporation counsel’s office a list of unpaid fines levied against defendants’ various corporations from January 3, 1940, to December, 1948. The Municipal Term shows a list of paid fines amounting to $2,045 from 1947 to October, 1948. In addition, in December, 1948, defendants paid $1,200 in fines. In June, 1948, defendant Dorothy Bloom was convicted in three cases of department of housing and building violations and fined $100 on each ease plus thirty days in the workhouse execution of the sentence suspended.
In People v. Greenwald (274 App. Div. 1035, affd. 299 N. Y. 271), a supervising agent who was convicted of violation of the same statute received an indeterminate sentence in the penitentiary on each count, the sentences to run concurrently. Subject to action of the probation board, that may be a three-year sentence. This court and the Court of Appeals affirmed. The opinion of Fuld, J., in the Court of Appeals, unanimously concurred in by the whole court, destroys many of the contentions urged by defendants in this case. In the course of that opinion Judge Fuld said: '' Designed to prevent the exploitation of those in desperate need of rental accommodations, the statute prohibits and condemns the acceptance of donations, gratuities, bonuses or gifts in connection with arranging leases. The phrase, ‘ in addition to lawful charges ’, defines no essential element of the crime, simply serving to limit the immediately preceding words 'payment or thing of value,’ and to assimilate their meaning to that of the operative and controlling words — donation, gratuity, bonus or gift. In short, no extra premiums are tolerated, however ingeniously cloaked or disguised as payments; the fees collected must represent the charges for actual services.”
Accordingly, I dissent and vote to affirm in all respects as there is no ground, factual or legal, or any extenuating circumstance that would justify the exercise of our discretion in a reduction of sentence.
Peck, P. J., Glennon, Cohn and Shientag, JJ., concur in decision; Dore, J., dissents in part in opinion.
Judgment as to each defendant modified by reducing the prison sentence to six months in the penitentiary and, as so modified, affirmed. Ho opinion.