Per Curiam.

The plaintiff’s proof established a prima facie case of violation by the defendant of section 965 of the Penal Law, which, in substance, makes it a misdemeanor directly or indirectly to demand or receive a bonus, gratuity or thing of value in addition to lawful charges to procure an advantage over others in entering into an agreement for the lease of real property. A person who aids or abets another to violate the section is also made guilty of a violation. The law, ‘‘ Designed to prevent the exploitation of those in desperate need of rental accommodations ” (People v. Greenwald, 299 N. Y. 271, 280) is aimed at the recipient of the bonus, not against the person who under stress yields to the exaction. The one who pays is a victim, not a participant in the crime. He is no more in pari delicto with the taker than is the customer with the professional gambler *789 (Bamman v. Erickson, 288 N. Y. 133). The wholesome purpose of the law would be completely frustrated, were the perpetrator of the crime allowed to retain its fruits. Nor is the absence of express statutory provision giving a cause of action in addition to imposing criminal sanction ground for denial of recovery to one for whose protection the statute was obviously enacted (Abounader v. Strohmeyer & Arpe Co., 243 N. Y. 458). It was, therefore, error to dismiss the complaint at the end of the plaintiff’s case.
The judgment should be reversed and new trial ordered, with $30 costs to appellant to abide the event.
Hofstadter, Hecht and Aurelio, JJ., concur.
Judgment reversed, etc.