Bernard S. Meyer, J.
In three separate actions for declaratory judgment and an injunction, plaintiffs seek to invalidate ordinances of the Town of Oyster Bay and of the Village of Roslyn Harbor which purport to exclude from designated streets trucks in excess of designated weights, and during specified hours, all trucks. Plaintiffs are distributors of gasoline and fuel oil (and in one action the owner of the land on which the distributor’s terminal is situated has joined as a plaintiff) whose plants are located along the east shore of Hempstead Harbor. If the ordinances are enforced, plaintiffs and their customers are effectively precluded from using plaintiffs’ terminals for the tank trucks currently in use, for the only remaining route of travel inland from the harbor would be along a road through Sea Cliff, the width and contours of which, it may be assumed for the purposes of the present motions (though defendants do not so concede), are such as to make it also unavailable for traverse by such tank trucks.
Plaintiffs have been granted a preliminary injunction against enforcement of the ordinances except during the hours of midnight and 5:00 a.m. They now move for summary judgment on a number of grounds. The Village of Roslyn Harbor has counterclaimed for judgment declaring the constitutional and statutory extent and limits of the powers of the village and the town to restrict or eliminate truck traffic from their streets. No motion has been addressed to the counterclaim, and though recognizing that the determination of the summary judgment motions may constitute the law of the case on a particular point involved in the counterclaim, the court has not considered it. The court’s efforts to have the parties reach an accommodation of the various interests (cf. Bakery Salvage Corp. v. City of Lackawanna, 24 N Y 2d 643, 647) having aborted, plaintiffs are *81 now granted judgment declaring sections 17-216 and 17-230 of the town ordinances invalid, but their motion as to the village order is denied.
The plaintiffs ’ terminals are located in the Glenwood Landing area. The nearest State highways are Glen Cove Road which runs north and south and Northern Boulevard which runs east and west. The only feasible routes from plaintiffs’ plants to these State highways are: (1) within the town, east across Glen-wood Road and Glen Head Road to Glen Cove Road, (2) partly within the village and partly within the town, east across Scudders Lane to Glen Cove Avenue, south on Glen Cove Avenue to Glen Cove Road, (3) within the village, Scudders Lane to Glenwood Road (a different road from that referred to in [1] above), south on Glenwood Road and Bryant Avenue to Northern Boulevard. Bach of these routes runs through residential area and the size of the trucks and the frequency of their trips by day and by night have resulted in the adoption by the two municipalities of the regulations in question.
The village regulation is in the form of a traffic regulation order adopted January 23, 1971, which prohibits operation of ‘ ‘ any vehicle or truck * * * of more than four (4) tons weight for through traffic ” on Bryant Avenue, Glenwood Road or Scudders Lane within the village. Plaintiffs contend that this order is invalid because (1) approval of the State’s Department of Transportation has not been obtained, (2) it is vague in that it does not define “ weight ”, (3) it discriminates against through traffic without valid basis, (4) it excludes through truck traffic from the village entirely and is, therefore, beyond the authority granted by the Vehicle and Traffic Law, and (5) it was promulgated by the Mayor under an invalid delegation.
The town’s restrictions were imposed on November 23, 1971 by the addition of two new sections to the Town Ordinances. Section 17-216 reads in its entirety as follows:
“ Sec. 17-216. Streets which are closed to trucks, trailers, combinations and other vehicles of more than ten (10) tons shall be signposted as such. Such exclusion shall not be construed to prevent the performance of usual municipal services, and the delivery and pickup of merchandise or other property along the highway from which such vehicles and combinations are otherwise excluded:
GLEN HEAD
“ Scudders Lane between Glenwood Road and Glen Cove Avenue.
“ Glenwood Road between Shore Road and Glen Cove Avenue.
*82 ‘ ‘ Glen Head Bead between Glen Cove Avenue and Glen Cove Boad.”
Section 17-230 bears the heading “ Streets closed at designated hours'to trucks, trailers and combinations; signposting” and reads the same as 17-216 except that in place of the first sentence there appears the following sentence: ‘ ‘ The following streets are hereby established as closed to trucks, trailers and combinations at the hours designated, and shall be properly signposted as such ” and except that as to each of the listed streets there is added the phrase “ from 8:00 p.m. to 8:00 a.m. prevailing time.” Plaintiffs contend that these ordinances are invalid because (1) approval of the State’s Department of Transportation has not been obtained, (2) section 17-216 is vague in that it does not define “more than ten (10) tons ”, (3) both sections discriminate against through traffic without valid basis, (4) it excludes through truck traffic from the Hemp-stead Harbor area of the town and is, therefore, beyond the authority granted by the Vehicle and Traffic Law, (5) section 17-216 is vague in that it does not contain words of prohibition, (6) section 17-230 is unauthorized by the enabling provision of the Vehicle and Traffic Law, (7) section 17-230 discriminates against trucks without valid basis.
Turning first to the arguments applicable to both the village and the town regulations, the court notes that section 1684 of the Vehicle and Traffic Law provides that: “No local authority shall place or maintain any traffic-control device on any state highway maintained by the state, or at any location so as to prohibit, restrict or limit the movement of traffic proceeding along, entering or crossing such highway, nor shall any ordinance, rule or regulation affecting traffic or stopping, standing or parking on state highways maintained by the state be effective unless or until approval in writing has been obtained from the department of transportation ”. Plaintiffs argue that since the regulations in question prevent tank trucks from reaching the State highways, they necessarily affect traffic on such highways and without approval of the Department of Transportation are invalid. The only case found involving this section is Matter of King Road Materials v. Town Bd. (37 A D 2d 357) which refused to apply the section to an ordinance which prohibited use of designated roads by motor vehicles weighing in excess of eight tons, except for local pickup and delivery purposes. Noting that every road either directly or indirectly provided access to a State highway and that the delegation of power to the town to impose weight restrictions provided in section *83 1660 (subd. [a], par. 17) of the Vehicle and Traffic Law would otherwise be meaningless, the court held that a “more substantial and immediate effect upon traffic on the State highway is required before Department of Transportation approval must be obtained” (37 A D 2d at p. 359). Plaintiffs distinguish that case because the court pointed out that the restricted highways there involved did not provide the only access to State highways. However, that distinction has bearing in the instant case only upon the later enacted town ordinances and not upon the Village order, for when it was adopted the route through town roads was open. Moreover, the King Road decision did not hold that every regulation precluding access to a State highway is within section 1684; it simply distinguished that situation in reaching its holding and thus as to the distinguished situation is at best obiter.
Considering the phrase ‘ ‘ affecting traffic * * * on state highways ”, upon which plaintiffs rely, in the context of the section and of its antecedents, the court concludes that approval of the department is not required. A regulation excluding traffic from a State highway affects traffic on the highway only indirectly, whereas all of the other prohibitions in the section relate directly to the movement of traffic along, onto or across, or the stopping, standing or parking of a vehicle upon, such a highway. Traffic operation and traffic conditions on State highways were likewise the concern of the statutes (Highway Law of 1936, § 46; Vehicle and Traffic Law of 1929, § 90, among others) from which section 1684 was drawn. The court concludes, therefore, that a regulation precluding access to State highways does not affect traffic on such highways in the direct manner contemplated by section 1684, and that Department of Transportation approval, therefore, was not required.
The use in the village order of the phrase “four (4) tons weight” and in section 17-216 of the town ordinances of the words “ more than ten (10) tons ” makes the regulations void for vagueness, it is argued, because it is not clear whether the specified weight refers to the weight of the truck, its load capacity, or the combined weight of the truck and its load. The regulations are, however, to be read in the light of the enabling statutes under which they were adopted and of the presumption of validity with which such enactments are favored. Though section 1640 (subd. [a], par. 5) and section 1660 (subd. [a], par. 17) authorize villages and towns to exclude “ trucks * * * in excess of any designated weight from designated highways ” those provisions are to be read together with section 1640 (subd. *84 [a], par. 10) and section 1660 (subd. [a], par. 10) authorizing establishment of truck routes upon which are permitted to travel trucks of “a total gross weight in excess of ten thousand pounds ”, and with section 117 of the Vehicle and Traffic Law which defines “gross weight ”. In light of those provisions, and of the purpose of the exclusion, the weight in the village and town regulations in question must be construed as referring to “ gross weight ” rather than the weight of the truck without load, or the capacity of the truck. The regulations, thus, give reasonable notice of what must be done and what must be avoided and are not void for vagueness in this respect (see People v. Greenwald, 299 N. Y. 271, 279-280).
The claim that the exception for local deliveries in each regulation discriminates against through traffic overlooks the possibility that defendants may be able to prove a real and substantial difference between the number of local deliveries and the number of through trips that can be expected. Equal protection is not denied if the differentiation made rests upon some rational consideration (8200 Realty Corp. v. Lindsay, 27 N Y 2d 124, 135, app. dsmd. 400 U. S. 962; Gleason v. Gleason, 26 N Y 2d 28, 41). It cannot be said on the papers alone that the classification made has no reasonable basis. Furthermore, an exception for local pickup or delivery is authorized by the enabling statute, section 1640 (subd. [a], par. 10), section 1660 (subd. [a], par. 10) of the Vehicle and Traffic Law.
The contention that neither municipality is authorized wholly to exclude through truck traffic from its geographical confines, or a particular part thereof, rests upon sections 1600, 1604, 1640 (subd. [a], pars. 5, 10), 1660 (subd. [a], pars. 10, 17) of the Vehicle and Traffic Law and People v. Grant (306 N. Y. 258). The latter case makes clear that the power to regulate use of the public highway rests in the first instance with the State and that municipalities have only such powers as are conferred upon them by statute. Sections 1600 and 1604 of the Vehicle and Traffic Law expressly so provide. Section 1600 states that:
“ No local authority shall enact or enforce any local law, ordinance, order, rule or regulation in conflict with the provisions of this chapter unless expressly authorized herein ’ ’, and section 1604 provides that:
“ Except as otherwise provided in this chapter, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation * * * excluding any * * * owner, operator or chauffeur from the free use of * # * public highways * * * or in any other way restricting *85 motor vehicles or motorcycles or their speed upon or use of the public highways ’ ’.
Sections 1640 (subd. [a], par. 5) and 1660 (subd. [a], par. 17) grant to villages and towns, respectively, authority to: ‘ ‘ Exclude trucks * * * in excess of any designated weight from designated highways ” and sections 1640 (subd. [a], par. 10) and 1660 (subd. [a], par. 10) authorize those municipalities to: “ Establish a system of truck routes upon which all trucks * # * having a total gross weight in excess of ten thousand pounds are permitted to travel and operate and excluding such vehicles * * * from all highways except those which constitute such truck route system * * * Any such system of truck routes shall provide suitable connection with all state routes entering or leaving such [municipality].”
Neither the village nor the town has established a route for trucks through its territory so the latter provision is not technically applicable. Moreover, while the two subdivisions of each section are to be read together, the second does not so limit the first as to leave the municipality wholly without authority to exclude trucks entirely from its area. An exclusionary provision ‘ ‘ cannot be adopted arbitrarily or capriciously, but must have some basis of necessity, and usually requires the affording of another route reasonably adequate and useful ” (Associated Transport v. City of Syracuse, 274 App. Div. 565, 568 [emphasis supplied], quoted with approval in People v. Grant, 306 N. Y. 258, 264-265, supra). The reasonableness of and necessity for the exclusion are issues of fact, which cannot be determined on the papers alone. Furthermore, were the court not holding the town ordinance sections invalid for reasons hereafter stated, the “ extraordinary and unusual situation” of regulations by two municipalities, the combined effect of which is to exclude trucks entirely, would require a trial of the questions of the reasonableness of and necessity for the regulations and of the accommodation to be made as between the municipalities (Associated Transport v. City of Syracuse, 274 App. Div. 565, 568, supra; see Bakery Salvage Corp. v. City of Lackawanna, 24 N Y 2d 643, 647, supra; Associated Transport v. City of Syracuse, 196 Misc. 1031, app. dsmd. 107 N. Y. S. 2d 565; Ann. 75 ALR 2d 376).
With respect to the village order, there remains the argument that it was promulgated by the Mayor under a delegation of power which contains no standards for its exercise. If this be understood to mean that the Village Board in delegating to the Mayor in its Ordinance 18 of February 1, 1970 “ all of the powers granted by the Vehicle and Traffic Law to the Board of *86 Trustees of the Village ” was required to fix standards, the answer is that such delegation is expressly authorized by section 1603 (subd. [a]) of the Vehicle and Traffic Law and that the Board of Trustees, therefore, was not required to fix standards unless the State Legislature making the same delegation to the Mayor would have been required to. On the latter question, while the matter is not wholly free from doubt the court concludes that the reference in section 1640 (subd. [a], par. 5) of the Vehicle and Traffic Law to “ weight ” furnishes a sufficient standard and authorizes the local authority to determine the measure of local needs as those needs bear rational relationship to the weight of trucks moving over village highways (see Paterson v. University of State of N. Y., 14 N Y 2d 432, 439-440; Matter of LaRocca v. Flynn, 257 N. Y. 5; but see Matter of Seignious v. Rice, 273 N. Y. 44).
While the village order withstands the motion for summary judgment, the town ordinance sections do not fare as well. Section 17-216 is defective in that it contains no express language which lists the streets that are closed to traffic or states that the listed streets are to be signposted to forbid such traffic. A penal enactment must be clearly enunciated so that persons affected by it are warned unequivocally what is prohibited and what permitted (People v. Scott, 26 N Y 2d 286; see People v. Greenwald, 299 N. Y. 271, supra).
Section 17-230 is concerned solely with time and is unrelated to weight. There is, therefore, no explicit authorization for it in section 1660 of the Vehicle and Traffic Law. The town argues that it is authorized by subdivision (a) (par. 20) which empowers the town to: “ Adopt such additional reasonable ordinances, orders, rules and regulations with respect to traffic as local conditions may require subject to the limitations contained in the various laws of this state.” One of the limitations on that power is section 1604, quoted above, which proscribes, except as otherwise provided in the Vehicle and Traffic Law, municipal regulations restricting use of the public highways. In view of that express proscription, and the express weight restriction authorized in section 1660 (subd. [a], par. 17), it must be held the general power granted by subdivision 20 does not extend to a restriction based solely upon time of day. Subdivision 17 is broad enough, if a rational relationship between weight and time can be shown, to authorize a regulation concerned with both weight and time, but since section 17-230 is related to time alone it is invalid as beyond the authority granted the town by section 1660.
*87 The order to he settled may provide, if plaintiffs and the village so agree, that the action as to the village and its counterclaim are discontinued without prejudice to a new action and counterclaim should the town carry out its stated intention of enacting a new ordinance. If, however, plaintiffs or the village wish to proceed with the trial of the action with respect to the village order alone, the order will provide that the three actions shall, on the court’s own motion, be jointly tried and that as to the village the actions are severed and continued.