EDWIN J. KUZDALE, ESQ. County Attorney, Chautauqua County
This is in response to your request for an opinion of the Attorney General as to whether a municipality may bar trucks from using non-State thoroughfares within the municipality when such thoroughfares cross municipal boundary lines, and adjoining municipalities do not bar such traffic from the same roads, and if a municipality may take such action, whether that municipality is under any legal duty to provide alternate routes for such traffic.
Vehicle and Traffic Law, § 1640 confers on the legislative bodies of cities and villages certain powers to regulate traffic including the exclusion of trucks, commercial vehicles, tractors, tractor-trailer combinations and trucks in excess of any designated weight from designated highways (subd. 5), and the establishment of a system of truck routes upon which all trucks, tractors and tractor-trailer combinations having a total gross weight in excess of ten thousand pounds are permitted to travel and excluding such vehicles from all highways except those constituting the truck route system (subd. 10). Vehicle and Traffic Law, § 1660(10) and (17) extends the same powers to the town boards of towns in regard to highways outside of villages but within the town.
The power conferred on towns, villages and cities to restrict truck traffic is not absolute, however. Sections1640 and 1660
of the Vehicle and Traffic Law must be read in light of the law as enunciated by the Court of Appeals in People v. Grant,306 N.Y. 258 (1954) wherein the Court said (p. 262):
 "* * * political subdivisions and municipal corporations hold the fee of streets for the benefit of the whole people, it follows that residents of a particular area in a town or village do not possess and cannot be granted proprietary rights to the use of the highways therein in priority to or exclusive of use by the general public."
Thus, when a municipality purports to act pursuant to the above sections (Vehicle and Traffic Law, §§ 1640 and 1660) and restricts truck traffic, its actions must be reasonable and an alternate route which is safe and adequate must be provided. (People v. Grant, supra; Associated Transport v. City ofSyracuse, 274 App. Div. 565 [4th Dept., 1948]; see also, 1930 Atty. Gen. [Inf.] 439.)
Therefore, your specific question as to whether or not a municipality may bar trucks from a certain road where an adjoining municipality does not bar trucks from the same road is governed by the test of reasonableness. The effect which the regulation of truck traffic will have upon access to and from a neighboring municipality is a question of fact which must be made on a case-by-case basis.
The sections of the Vehicle and Traffic Law discussed above, apply only to cities, villages and towns. The power of counties to bar trucks from their routes is confined to that conferred by Vehicle and Traffic Law, § 1650 (4) which relates only to the temporary exclusion of certain trucks over a specified weight.
In view of the foregoing, we conclude that a city, village, or town may bar trucks from designated highways when such highways cross municipal boundary lines and the adjoining municipality does not bar such trucks from the same highways, provided that such action is reasonable and the city, village or town complies with its responsibility to provide alternate routes.