Simons, J.
(dissenting). I would affirm the order of the Appellate Term invalidating the ordinance because it is not reasonably justified by necessity or public safety and because it discriminates against nonresidents of the Village of Scarsdale.
A municipality’s power to regulate traffic on its streets is derived from the Legislature. It may do so only as permitted by State law (Vehicle and Traffic Law, § 1604) and then only if such regulation is reasonable and nondiscriminatory. Reasonableness is determined by what is necessary and justified by the requirements of public safety (7 McQuillin, Municipal Corporations [3d rev ed], § 24.610; and see People v Grant, 306 NY 258) and discriminatory impact is to be judged by the general rule that the public streets are for public use and a municipality may not discriminate by restricting them for its own residents “in priority to or exclusive of use by the general public” (People v Grant, 306 NY 258, 262, supra; see, also, City of New York v Rice, 198 NY 124, 128; 10 McQuillin, Municipal Corporations [3d rev ed], § 30.49, p 685). In considering the relationship between the judiciary and local legislatures it is to be remembered that the courts cannot invalidate *956 ordinances unless they are unconstitutional, ultra vires or unreasonable. Ordinances properly enacted pursuant to delegated powers, however, may be invalidated if they operate unreasonably or arbitrarily under the circumstances (see Associated Transp. v City of Syracuse, 274 App Div 565; see, also, 56 Am Jur 2d, Municipal Corporations, § 386 et seq.).
Thus, while the village unquestionably had the power to designate certain village streets as one-way (see Vehicle and Traffic Law, § 1640, subd [a], par 4), the question before us on this appeal is whether it lawfully exercised that power when it designated a mid-block 50-foot segment of a highway, at the village boundary line, as one-way to prevent the entry of nonresident traffic. That the ordinance discriminates is established by its terms which permit buses but not cars to travel south on Walworth Avenue and by evidence in the record that the restriction is not applied to residents living along Walworth Avenue in the restricted area because they are permitted, as a matter of custom if not as a matter of legal right, to travel the wrong way on the 50-foot strip and proceed south to the village.
Moreover,- the ordinance is unreasonable because it blocks the entry of traffic into the village at the village line, not for any manifested consideration of public safety, but rather as a private convenience to those living in this residential area. That being so, the regulation is no less offensive than a physical barricade closing the street to outsiders (see People v Grant, 306 NY 258, supra; Merritt Manor Estates v Village of Elmsford, 30 Misc 2d 935 [Hopkins, J.]).
The ordinance was properly declared void because it manifestly was designed to exclude automobile traffic in the area, not to regulate it.
Judges Jasen, Jones, Meyer and Kaye concur; Judge Simons dissents and votes to affirm in an opinion in which Chief Judge Cooke and Judge Wachtler concur.
Order reversed and case remitted to the Appellate Term, 9th and 10th Judicial Districts, for further proceedings in accordance with the memorandum herein.