Donald R. Becker, Esq. Town Attorney, Newburgh
I am writing in response to your request for an opinion as to whether a town may adopt parking regulations prohibiting the parking of trucks and trailers on town roads, while continuing to permit the parking of passenger automobiles on these roads.
Regulation and control of streets and highway traffic within a town is a matter of State concern and is a governmental function exclusively within the power of the State as sovereign, except to the extent the Legislature has delegated such powers to political subdivisions and municipal corporations (People v Grant, 306 N.Y. 258, 260 [1954]). The provisions of the Vehicle and Traffic Law are applicable and uniform throughout the State (Vehicle and Traffic Law, § 1600). Local governments are prohibited from enforcing any local law, ordinance, rule or regulation in conflict with or superseding the Vehicle and Traffic Law unless expressly authorized by statute to do so (ibid.).
Town boards have been granted the power to pass regulations with regard to highways within the town (Vehicle and Traffic Law, § 1660[a]). State highways and highways within villages within the town, however, are not subject to town regulation (ibid.). With regard to town roads, the town has the power to:
 "Prohibit, restrict or limit the stopping, standing or parking of vehicles.
* * *
 Adopt such additional reasonable ordinances, orders, rules and regulations with respect to traffic as local conditions may require subject to the limitations contained in the various laws of this state." (Vehicle and Traffic Law, § 1660[a][18],[25].)
In our opinion, a town regulation prohibiting the parking of trucks and tractor trailers on town roads would come within the broad empowering language of section 1660. It has been held that it is within a municipality's power to ban entirely certain classes of vehicles from its roads (Mobil Oil Corp. v Inc. Village of Roslyn Harbor, 69 Misc.2d 79
[Sup Ct, Nassau Co, 1972]). In Mobil, the Village of Roslyn Harbor and the Town of Oyster Bay each had passed ordinances prohibiting trucks over a certain weight from using the municipalities' roads. Although the town ordinance was declared void for vagueness, the court held that municipalities did not need the approval of the Department of Transportation in order to exclude trucks in excess of designated weights from designated streets (id., pp 82-83). If a town could ban trucks and tractor trailers from its roads for any and all purposes, it follows that it could ban these vehicles from merely parking on the town roads. This conclusion is particularly compelling in light of the broad language contained in section 1660 regarding the power of a town to regulate parking on its highways.
We conclude that a town may adopt parking regulations that prohibit the parking of trucks and tractor trailers on town roads, while continuing to allow the parking of passenger automobiles.