■ In the Matter of LEON DAVIS, as President of District 1199, National Union of Hospital and Health Care Employees, RWDSU, AFL-CIO, Appellant, v ARVID ANDERSON et al., Constituting the Office of Collective Bargaining of the City of New York, Respondents.—Judgment, Supreme Court, New York County, entered August 5, 1975, dismissing the petition, unanimously affirmed, without costs or disbursements. This article 78 proceeding was instituted to review and annul a determination of the Office of Collective Bargaining, which was dated July 22, 1974 and served on petitioner on July 24, 1974. Petitioner sought reconsideration on August 5, 1974, which was denied September 16, 1974 and was served on petitioner on September 23, 1974. The petition in the instant proceeding was served on January 10, 1975. Review of a determination such as in the case at bar must be sought within 30 days (Civil Service Law, § 213), which time limitation is applicable to proceedings before the Office of Collective Bargaining (Civil Service Law, § 212). This proceeding, having been brought more than 30

days after the determination sought to be reviewed, is therefore time-barred. We note parenthetically that even absent the bar of section 213 of the Civil Service Law we would dismiss this proceeding as untimely. The determination of this matter became final and binding within the definition of CPLR 217 on July 24, 1974, the date petitioner was served with the decision of the Office of Collective Bargaining. The Statute of Limitations was not extended by petitioner's request for rehearing (Matter of Davis v Kingsbury, 30 AD2d 944, 945, affd 27 NY2d 567; Matter of Williamson v Fermoile, 31 AD2d 438, 441, affd 26 NY2d 731; Matter of Fiore v Board of Educ. Retirement System of City of N. Y., 48 AD2d 850), and therefore, since the petition was served on January 10, 1975, the proceeding is time-barred even pursuant to the four-month Statute of Limitations found in CPLR 217. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.