■ In the Matter of DOMINICK DAN ALONZO, INC., Appellant, v ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents.— Appeal from a judgment of the Supreme Court at Special Term, entered October 31, 1978 in Albany County, which dismissed appellant's application, in a proceeding pursuant to CPLR article 78, to modify a certain audit and determination of respondent, and to compel respondent to pay certain sums as restitution for construction work performed by appellant for respondent. After appellant had performed certain construction work pursuant to a contract with the State of New York, the contract was declared void for failure of the State to comply with statutory bidding requirements. The State directed appellant to finish the construction and then refused to pay. To remedy this inequity, legislation (L 1977, ch 101) was enacted to provide for payment to appellant for the work. The legislation provided that the amount to be paid was to be determined by the Comptroller and the Commissioner of the Office of General Services (OGS) after an audit and in accordance with certain criteria specified in the legislation. After a period of negotiation, respondent stated its figure to be $313,773, which was less than that demanded by appellant. Thereafter, by letter dated November 22, 1977, appellant was advised by the Chief Building Construction Contract Administrator of OGS that the final figure discussed at the meeting of November 15 "is the final amount the Department of Audit and Control finds due to you under the terms of Chapter 101 of the Laws of 1977". Subsequently, on May 4, 1978, appellant received a check dated April 24 marked "final payment". In this article 78 proceeding, commenced August 23, 1978, appellant seeks to compel the payment of the balance of its claim disallowed by respondents. Special Term dismissed the petition as untimely. This appeal ensued. Basically, appellant contends that the proceeding was timely commenced since May 4, 1978, the date it received the final payment, is the date the four-month Statute of Limitations provided in CPLR 217 started to run. We disagree. We reject appellant's argument that the letter of November 22 was not final because it was sent by OGS and not the Comptroller. A fair reading of the letter demonstrates that the amount determined was arrived at by the Comptroller and OGS. Furthermore, the time is computed from the date the determination under review becomes final and binding, i.e.,

when the decision has an actual impact on appellant (24 Carmody-Wait 2d, NY Prac, § 145:239; *Atwell v Power Auth. of State of N. Y.,* 67 AD2d 365). Thus, in our view, the letter of November 22, 1978 commenced the Statute of Limitations running. The fact that appellant hoped respondent would reconsider and arrive at a larger figure is of no consequence (see *Matter of Davis v Anderson,* 51 AD2d 528). We also reject appellant's contention that the Statute of Limitations was tolled, pursuant to CPLR 205 (subd [a]), as a result of an action brought by appellant against the State of New York by the filing of a notice of intention to file a claim on May 19, 1977 since the claim was not served upon respondent until June 29, 1978. The judgment should be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.