■ FRANZ S. LEICHTER, Appellant, v J. ROGER BARBER, as Commissioner of Agriculture and Markets, et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered November 23, 1981 in Albany County, which granted defendants' motion to dismiss the complaint. In the present action, plaintiff, a citizen taxpayer, is challenging certain procedures employed by defendant New York State Job Incentive Board (board) in granting tax credits against the payment of corporate franchise taxes. The board was created in 1968 to encourage industrial and other business enterprises to locate, expand and improve facilities in economically under privileged urban areas and to provide job opportunities and job training programs for residents of such areas. In pursuit of those goals, the board is empowered to grant tax credits against the State franchise tax to eligible corporations (Commerce Law, § 118). Plaintiff is challenging as illegal and unconstitutional a number of credits granted by the board, specifically alleging that defendant has acted beyond the scope of its authority, and in contravention of various statutes and constitutional provisions. Plaintiff commenced this action on June 21, 1981, and, on the same date, filed an application for a preliminary injunction. The motion for a preliminary injunction was denied and subsequently defendants moved to dismiss the action on the ground that plaintiff

lacked standing. Special Term granted that motion and the instant appeal from the latter order followed. Special Term denied common-law standing to plaintiff on the theory that persons "unaffected directly by a discretionary action of an administrative body may [not] challenge in court the propriety of that exercise of discretion." Defendant concurs in that reasoning, while plaintiff argues that because discretionary acts are not at issue here, common-law standing is appropriate. It is now established that citizen taxpayers have common-law standing to challenge as unconstitutional both revenue expending and revenue raising acts of government (*Wein v Carey,* 41 NY2d 498, 500-501; *Boryszewski v Brydges,* 37 NY2d 361, 364). The standing of citizen taxpayers, however, does not extend so far as to allow judicial scrutiny of the nonfiscal activities of the agencies of municipal government (*Matter of Urban League of Rochester, N.Y. v County of Monroe,* 49 NY2d 551, 556). As stated by the Court of Appeals in *Matter of Abrams v New York City Tr. Auth.* (39 NY2d 990, 992), "it is one thing to have standing to correct clear illegality of official action and quite another to have standing in order to interpose litigating plaintiffs and the courts into management and operation of public enterprises." An examination of plaintiff's complaint reveals that plaintiff does not challenge defendant's actions as being an abuse of discretion, but rather alleges that granting the tax credits is beyond the scope of defendant's authority, and is violative of constitutional and statutory provisions. Accordingly, common-law standing is appropriate (see *Boryszewski v Brydges,* 37 NY2d 361, *supra*). Having reached this conclusion, we find it unnecessary to address plaintiff's remaining contention. Order reversed, on the law, without costs, and motion to dismiss complaint denied. Mahoney, P. J., Kane, Main, Casey and Levine, JJ., concur.