■ In the Matter of William T. Bruns, Appellant, v Gerald B. Hanna, as Chairman of Monroe County Civil Service Commission, et al., Respondents. — Judgment unanimously modified by reinstating the petition against respondent Hanna and, as modified, affirmed, without costs, and matter remitted to

Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: Petitioner appeals from a judgment (denominated order) of Special Term which dismissed on the merits his CPLR article 78 petition to review a determination of the Monroe County Civil Service Commission (Commission) disqualifying him from appointment as a suburban police officer. Contrary to respondents' assertion, the matter is appealable as of right (*Matter of De Paula v Memory Gardens,* 90 AD2d 886); however, we find that the record is inadequate to determine whether petitioner's disqualification has a rational basis or, as claimed by petitioner, is arbitrary and capricious (*Matter of Passiotti v Municipal Civ. Serv. Comm.,* 27 AD2d 662). ¶ The Commission is afforded wide discretion in determining the fitness of candidates for appointment (*Matter of Metzger v Nassau County Civ. Serv. Comm.,* 54 AD2d 565, 566). Such discretion is particularly necessary in hiring police officers, to whom higher standards of fitness and character may be applied (*Matter of Shedlock v Connelie,* 66 AD2d 433, 435, affd 48 NY2d 943). Nevertheless, the standards utilized in evaluating the applicant must be " 'sufficiently objective' so that they may be intelligible" (*Matter of Meyer v Kaplan,* 22 AD2d 449, 451, affd 16 NY2d 693) and sufficiently articulated so that a court may review them. ¶ In this article 78 proceeding respondent was required to furnish "material facts showing the grounds of the * * * action complained of" (CPLR 7804, subd [d]). Apparently the determination was based on the evaluation of petitioner which resulted from a written psychological test, a background report and an interview by a psychologist, yet no evidence of those test results was included in the record nor were the criteria against which the results were measured. ¶ The matter is therefore remitted to Special Term to develop a full evidentiary record against which respondent's determination may be analyzed. We add only that the petition was properly dismissed against respondent Valenti, Commissioner of the New York State Civil Service Commission, as he took no part in this determination. (Appeal from judgment of Supreme Court, Monroe County, Patlow, J. — art 78.) Present — Dillon, P. J., Denman, Boomer, Green and Schnepp, JJ.