NEW YORK STATE PUBLIC EMPLOYEES FEDERATION, AFL-CIO, by its President RAND CONDELL, et al., Appellants, v CITY OF ALBANY et al., Respondents. (And Another Related Action.)

Third Department, October 22, 1987

**APPEARANCES OF COUNSEL**

*Richard E. Casagrande (Rebecca L. Caudle* of counsel), for New York State Public Employees Federation, AFL-CIO, appellant.

*Marjorie E. Karowe* for C. Allen Mead and another, appellants.

*Vincent J. McArdle, Jr., Corporation Counsel (Madeline D. Maney* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Defendant City of Albany lacks the authority to enact an ordinance creating a residential permit parking system which grants to certain of its residents priority in the use of public streets. Supreme Court's order should, therefore, be reversed and the ordinance should be declared invalid.

Responding to complaints by residents in certain neighborhoods of the City of Albany concerning the use of street parking in those neighborhoods by State government employees, the city enacted an ordinance creating a permit parking system which established a 90-minute limit on parking during the hours of 7:00 A.M. to 6:00 P.M., Monday through Friday, except holidays, along streets designated for permit parking by the city's Chief of Police. Vehicles displaying a valid residential parking permit, which can be purchased by residents of the designated streets for an annual fee, are exempt from the 90-minute parking limit. Plaintiffs, the two major State employee unions and several of their members, commenced the instant two actions against the city, seeking judgments declaring the ordinance invalid and enjoining its implementation. Upon the parties' motions for summary judgment, Supreme Court held that the ordinance was authorized by Vehicle and Traffic Law § 1640 (a) (15) and (16). We disagree.

Vehicle and Traffic Law § 1604 states that: "Except as otherwise provided in this chapter, local authorities shall have no power to pass, enforce or maintain any ordinance, rule or regulation requiring from any owner of a motor vehicle * * * any tax, fee, license or permit for the use of the public highways, *or excluding any such owner * * * from the free use of such public highways*" (emphasis supplied). In *People v Grant* (306 NY 258, 262), the Court of Appeals declared that virtually identical language in Vehicle and Traffic Law former § 54 was "merely an expression" of the principle that "residents of a particular area in a town or village do not possess and cannot be granted proprietary rights to the use of the highways therein in priority to or exclusive of use by the

general public". In *People v Randazzo* (60 NY2d 952, 953), the court reaffirmed this principle, explaining that "[a] traffic ordinance established by a municipality will be upheld so long as it is reasonable *and nondiscriminatory"* (emphasis supplied; *see also, supra,* at 954, n; 955 [Simons, J., dissenting]). Since the ordinance at issue effectively grants residents of certain areas of the city proprietary rights to the use of certain city streets for parking in priority to use by the general public, thereby discriminating against certain of its residents as well as nonresidents, the ordinance runs afoul of the foregoing general principle, unless the ordinance is authorized by some other provision of the Vehicle and Traffic Law *(see,* Vehicle and Traffic Law § 1604).

The city points to three paragraphs of Vehicle and Traffic Law § 1640 (a), but we find nothing in these provisions which authorizes preferential treatment for residents in the use of public streets for parking. Vehicle and Traffic Law § 1640 (a) (15) authorizes the city to establish a prepaid parking permit system, but there is no provision for preferential treatment of residents. Based upon the similarity of the wording of paragraphs (9) and (15) of Vehicle and Traffic Law § 1640 (a) and based upon the legislative history of Vehicle and Traffic Law § 1640 (a) (15) contained in Laws of 1979 (ch 435), we conclude that paragraph (15) merely authorizes the city to implement a prepaid parking permit system in lieu of the parking meters authorized by paragraph (9). Next, paragraph (6) of Vehicle and Traffic Law § 1640 (a) authorizes cities and villages to prohibit, restrict or limit parking, but again there is no provision for granting preferential treatment to residents. Thus, while paragraphs (6) and (15) authorize the 90-minute parking limitation imposed by the ordinance and the use of prepaid permits, they do not authorize the further conditions based upon residency. Finally, the city relies on paragraph (16), which authorizes cities and villages to "[a]dopt such additional reasonable local laws, ordinances, orders, rules and regulations with respect to traffic as local conditions may require subject to the limitations contained in the various laws of this state" (Vehicle and Traffic Law § 1640 [a] [16]). As noted above, the law in New York, plainly stated by the Court of Appeals in *People v Randazzo* (60 NY2d 952, 953, *supra)* and *People v Grant* (306 NY 258, 262, *supra),* prohibits a municipality from discriminating against nonresidents in the use of public streets. By its own terms, Vehicle and Traffic Law § 1640 (a) (16) is subject to this limitation and, therefore,

does not provide authority for the residency provision of the city's ordinance.

The city argues that Vehicle and Traffic Law § 1640 (a) (6), (15) and (16) should be read together and interpreted as authorizing the type of reasonable parking regulation established by the ordinance at issue. This is not, however, a case where the Legislature's intent must be determined by the general principles of statutory construction applicable to a statute which, on its face, is unambiguous *(compare, Ferres v City of New Rochelle,* 68 NY2d 446, *with Sega v State of New York,* 60 NY2d 183). The Court of Appeals has defined, in clear and unequivocal language, the legislative intent embodied in Vehicle and Traffic Law § 1604 *(People v Grant, supra,* at 262), and we conclude that in the absence of an equally clear and unequivocal provision elsewhere in the Vehicle and Traffic Law expressly authorizing the city to grant preferential treatment to certain of its residents in the use of its streets for parking, Vehicle and Traffic Law § 1604 precludes the city from doing so.

MAHONEY, P. J., MIKOLL, LEVINE and HARVEY, JJ., concur.

Order reversed, on the law, with costs, plaintiffs' motions for summary judgment granted and Local Ordinance 1986, No. 5.11.86 of the City of Albany is declared invalid insofar as it grants preferential treatment to residents of certain areas of the city in the use of city streets in those areas for parking.