■ In the Matter of GFI-GENFARE, a Division of GENERAL SIGNAL TECHNOLOGY CORPORATION, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Judgment, Supreme Court, New York County (Martin B. Stecher, J.), entered March 4, 1992, which, *inter alia,* denied petitioner's application pursuant to CPLR article 78 to annul respondent Authorities' determination awarding a contract for an automatic fare collection system to respondents Cubic Corporation and Cubic Automatic Revenue Collection Group, and dismissed the petition, unanimously affirmed, without costs.

We agree with the IAS court that the gist of petitioner's grievance is with its exclusion from the proposal process, communicated to it in the letter dated December 10, 1990 from respondent Transit Authority's General Contracts Manager advising that any bid it might make would not be considered. As the IAS court found, the impact of this unambiguous letter in excluding petitioner from further participation in the process was certain *(Matter of Edmead v McGuire,* 67 NY2d 714, 716), and thus its transmission to petitioner commenced the four-month period of limitations (CPLR 217). The time limitation was not tolled by petitioner's requests for reconsideration *(see, Matter of Lubin v Board of Educ.,* 60 NY2d 974, 976, *rearg denied* 61 NY2d 905, *cert denied* 469 US 823; *Matter of Dominick Dan Alonzo, Inc. v Levitt,* 73 AD2d 741, 742), nor by the fact that the Authorities had yet to make a final determination as to whom should be given the contract *(see, Matter of Edmead v McGuire, supra; Matter of Queensborough Community Coll. v State Human Rights Appeal Bd.,* 41 NY2d 926). Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Asch, JJ.