■ STEVEN COHEN, Appellant, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF FLOWER HILL et al., Respondents. [604 NYS2d 961] —In an action for a judgment declaring unconstitutional a resolution of the Village of Flower Hill which permitted the barricading of an intersection between Middle Neck Road and Greenway and seeking a permanent injunc-

tion enjoining the Village of Flower Hill from maintaining the barricade, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), entered August 13, 1991, which granted the defendants' motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment declaring that the resolution of the Village of Flower Hill permitting the barricading of the intersection between Middle Neck Road and Greenway is constitutional.

In July 1989 the Village of Flower Hill enacted a resolution permitting the barricading of the eastern intersection of Greenway and Middle Neck Road for a six-month trial period. The resolution was passed in response to numerous complaints by residents of the safety hazards created by the extra traffic on Greenway and its surrounding streets. During the trial period, the Village reviewed the effect of the barrier, and in December 1989 passed another resolution which permitted the barricade to remain in place indefinitely.

In challenging the constitutionality of the December 1989 resolution, the plaintiff faces a heavy burden of "proof beyond a reasonable doubt" (*Vecchio v Griffin,* 143 AD2d 1003).

The appellant contends that Vehicle and Traffic Law § 1604 prohibits a local authority from preventing access to a main throughfare to combat a dangerous traffic condition. Although Vehicle and Traffic Law § 1604 requires the "free use" of public highways, local authorities are not required to provide for the unimpeded use of the public streets, and Vehicle and Traffic Law § 1604 is inapplicable here. Under Vehicle and Traffic Law § 1604, residents of a particular area in a town or village do not possess and cannot be granted proprietary rights to the use of the highways and preference over the general public (*see, People v Grant,* 306 NY 258, 262). However, the Greenway barricade does not favor the residents of Village of Flower Hill to the detriment of nonresidents.

The resolution in question must be evaluated under the test set forth in *People v Randazzo* (60 NY2d 952; *see,* Vehicle and Traffic Law § 1640 [a] [16]). A resolution concerning traffic regulations will be upheld, so long as it is reasonable and nondiscriminatory. The factors to be weighed in determining its validity include the availability of convenient alternate routes, any discriminatory effect, and the necessity of the regulation of traffic conditions (*People v Randazzo, supra,* at 953-954). Since the record shows that there are numerous

alternative routes available, the regulation has no discriminatory effect. The traffic conditions in the area had become dangerous to all motorists. Thus, the resolution meets the *Randazzo* test. Therefore, the Village of Flower Hill was authorized to enact the challenged resolution. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.