In the Matter of ARGYLE CONSERVATION LEAGUE, INC., Appellant, v TOWN OF ARGYLE et al., Respondents. [636 NYS2d 150] —White, J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered December 8, 1994 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* nullify a resolution of respondent Argyle Town Board repealing the Town's Zoning Ordinance.

In April 1991, respondent Town of Argyle, a rural agricultural community of some 3,000 residents in Washington County, enacted a Zoning Ordinance which took effect on July 1, 1991. After considerable controversy concerning the Zoning Ordinance, respondent Argyle Town Board (hereinafter the Board) adopted Resolution No. 31-94 in January 1994 and fixed January 20, 1994 for a public hearing to consider its possible repeal. In February 1994, the Board employed the engineering and planning firm of Clough, Harbour & Associates (hereinafter CHA) to make an environmental analysis of the proposed action in accordance with the State Environmental Quality

Review Act (ECL art 8) (hereinafter SEQRA). In March 1994, the Board passed a resolution designating itself as the lead agency and rendered a positive declaration concerning the repeal of the Zoning Ordinance. The following month a draft generic environmental impact statement (hereinafter DGEIS) was completed by CHA and accepted by the Board, which scheduled a public hearing on May 11, 1994 and established a public comment period which extended to May 23, 1994. Following this, a final generic environmental impact statement (hereinafter FGEIS) was prepared and accepted by the Board in late July 1994. Two additional public hearings were held in August 1994 and during that period the Board received two reports from petitioners criticizing both the DGEIS and FGEIS. On August 25, 1994, the Board issued findings and adopted Resolution No. 74-94,* thereby repealing the Zoning Ordinance.

Petitioners commenced this CPLR article 78 proceeding to nullify Resolution No. 74-94, and Supreme Court dismissed the petition after finding that the Board, as the lead agency, had identified the relevant areas of environmental concern and had taken a "hard look" in these areas and made a reasoned elaboration of the basis for its determination.

Although there are no cases which directly address the question of a SEQRA review involving the repeal of an entire zoning ordinance, under the general policy set forth in the ECL, legislative changes in a zoning ordinance are "actions" for the purpose of SEQRA review and thus compliance with SEQRA was required (*see, Matter of Brew v Hess*, 124 AD2d 962, 964). Here, the Board proceeded properly under the guidelines set forth under SEQRA and CHA made an extensive review of the environmental impact which would result from the proposed repeal of the Zoning Ordinance.

Petitioners argue that the Board failed to take a "hard look" at the adverse environmental impact associated with the repeal of the Zoning Ordinance, contending that a number of specific areas were not adequately analyzed, such as, *inter alia*, water resources, wetlands, slope and topography, and soil. However, a review of the record establishes that these items were addressed in the DGEIS in which CHA not only discussed the potential impact of repeal of the Zoning Ordinance in the areas described, but also reviewed mitigating factors to be

---

* The Town Supervisor states in an affidavit that the petition incorrectly refers to Local Law No. 1 of 1994, rather than Town Board Resolution No. 74-94 by which an ordinance was adopted repealing the Zoning Ordinance.

considered, including the fact that a number of these areas would continue to be governed by existing Federal, State and local regulation. This comprehensive review permitted the Board to consider the significant environmental consequences and provided an adequate basis for a reasoned consideration of the issues. The Board not only considered the findings of its consultant but held four public hearings in which they received extensive public comment and input from concerned citizens.

Although petitioners' experts are critical of the Board and its consultant, it is clear that scientific unanimity need not be achieved and the FGEIS is not required to make an exhaustive analysis of every possible environmental impact (*see, Matter of Cahn v Planning Bd.*, 157 AD2d 252, 256; *Matter of Schodack Concerned Citizens v Town Bd.*, 148 AD2d 130, 134-135, *lv denied* 75 NY2d 701). The degree of detail to which each alternative must be discussed may vary with the nature and circumstances of each proposal, and there is no requirement that the FGEIS contain all the raw data supporting its analysis as long as the analysis is sufficient to allow reasoned consideration and comment on the issues raised (*see, Akpan v Koch*, 75 NY2d 561; *Coalition Against Lincoln W. v City of New York*, 94 AD2d 483, *affd* 60 NY2d 805). An agency has considerable latitude in evaluating the effects of its actions and a court may not substitute its judgment for that of the agency. Based on the record before us, we find that the Board took the required "hard look" at the issues concerning the repeal of the Zoning Ordinance and its action in repealing the Zoning Ordinance was not arbitrary and capricious or an abuse of discretion (*see, Akpan v Koch, supra; Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417).

Petitioners also contend that the affidavits submitted by respondents did not contain the documentary evidence necessary to support the dismissal of this proceeding. However, Supreme Court had before it all the documents furnished pursuant to Freedom of Information Law requests and, in addition to their affidavits, respondents also submitted the DGEIS, FGEIS, the Board minutes and reports of all consultants, which were all the items presented to and considered by the Board in connection with the SEQRA process. This documentation complied with CPLR 7804 (e), which mandates that a certified transcript of the record be submitted to the court in a CPLR article 78 proceeding and provided Supreme Court with sufficient material necessary to render a decision in this matter. Therefore, based on our review of the record, we find that the dismissal of petitioners' application was proper.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.