■ BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF MINEOLA, Respondent, v INCORPORATED VILLAGE OF EAST WILLISTON, Appellant. [648 NYS2d 170] —In an action for a preliminary and permanent injunction precluding the defendant from maintaining a traffic control device in the form of a barricade upon a public street, the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered March 5, 1996, which granted the plaintiff's motion to enjoin the defendant from maintaining the barricade and denied the defendant's cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

A resolution concerning traffic regulations will be upheld, so long as it is reasonable and nondiscriminatory (*see, People v Randazzo,* 60 NY2d 952; *Cohen v Board of Trustees,* 198 AD2d 468; Vehicle and Traffic Law § 1640 [a] [16]). Based on the facts of this case, the regulation enacted by the Incorporated Village

of East Willistion which provides for a traffic control device in the form of a barricade upon Sagamore Avenue at or near the Mineola/East Williston boundary discriminates against Mineola residents and is, therefore, invalid. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.