(April 18, 1997)

BERESFORD APARTMENTS, INC., et al., Appellants, v CITY OF NEW YORK et al., Respondents. [656 NYS2d 607] —Order, Supreme

Court, New York County (Bruce Allen, J.), entered February 28, 1997, which, in an action by a cooperative housing corporation and one of its shareholders challenging defendants' plan to demolish the Hayden Planetarium and build a new planetarium on the site, and seeking an injunction against use of City funds to aid the project, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs or disbursements.

Plaintiffs' claims lack merit. A taxpayer's suit is not a vehicle for correcting technical or procedural irregularities by governmental bodies or for reviewing determinations supposedly made in violation of law (*Fisher v Biderman*, 154 AD2d 155, 159-160, *lv denied* 76 NY2d 702). Further, given the lack of merit to plaintiffs' claim that the project was improperly reviewed as a City-owned, rather than City-aided, project, their argument that the landmarks review exemption for City-aided projects violates the State enabling law and the State and Federal Constitutions does not present a case or controversy. Although the planetarium itself is not on City-owned land, much of the proposed construction will be, including a new garage, restaurant, visitors' entrance and public terrace. There is nothing in the relevant provisions of the enabling statute (General Municipal Law § 96-a; art 5-K) or the Administrative Code of the City of New York (§ 5-305 [a] [2]; § 25-318 [a], [b]; § 25-302 [d]) requiring that a project be exclusively on City-owned land to fit within that category, and it was not arbitrary for the Commission to view the project as a whole rather than, as the motion court put it, "individual pieces of land". We have considered plaintiffs' other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Rubin and Andrias, JJ.