■ In the Matter of THOMAS TALBOT, Appellant, v RICHARD WARD et al., Respondents. [669 NYS2d 874] —In a proceeding pursuant to CPLR article 78 to review a determination of the Southold Town Planning Board, dated November 28, 1995, granting a waiver of site plan approval to the respondent Shelley's Place, Inc., the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered January 22, 1997, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination in accordance herewith.

The petitioner commenced the instant proceeding to review a determination of the Southold Town Planning Board (hereinafter the Planning Board) granting a waiver of site plan approval for the operation of a restaurant by Shelley's Place, Inc., on property owned by Mary Gilbert. In lieu of an answer, the Planning Board moved to dismiss the petition. The Supreme Court concluded that the Planning Board's determination to waive site plan approval was neither arbitrary nor capricious, denied the petition, and dismissed the proceeding. This appeal ensued.

The petitioner contends, and we agree, that the instant record is inadequate to determine if the Planning Board's determination had a rational basis or was arbitrary or capricious (see, Matter of Bruns v Hanna, 101 AD2d 1015). The Planning Board failed to provide the Supreme Court with a copy of the minutes of the underlying proceeding or even with a copy of the determination under review. When considering and acting upon site development plans, the Southold Town Code requires

the Planning Board to take into consideration the public health, safety and welfare, the economic impact, and the comfort and convenience of the public in general and the residents of the immediate neighborhood (*see*, Town of Southold Code § 100-252). Since the minutes to the underlying proceeding have not been made part of the record, it is unclear what, if anything, the Planning Board considered in waiving site plan approval in the instant case.

Accordingly, the matter is remitted to the Supreme Court for a new determination of this proceeding after the Planning Board has submitted its answer to the petition. Miller, J. P., Altman, Krausman and Luciano, JJ., concur.