■ COUNCIL OF THE CITY OF NEW YORK et al., Appellants, and LAWRENCE HANLEY, Appellant-Respondent, v RUDOLPH GIULIANI, as Mayor of the City of New York, et al., Respondents, and ATLANTIC EXPRESS COACHWAYS, INC., Respondent-Appellant. [773 NYS2d 557]—

Order, Supreme Court, New York County (Robert Lippmann, J.), entered August 17, 2001, which, in a proceeding brought pursuant to CPLR article 78 and General Muncipal Law § 51, denied petitioners' motion for a preliminary injunction and dismissed the article 78 petition as time-barred, but held that petitioner Hanley had stated a proper General Municipal Law § 51 cause of action, unanimously modified, on the law, to dismiss the cause of action under General Municipal Law § 51 and otherwise affirmed, without costs.

The court properly dismissed the CPLR article 78 proceeding commenced by the municipal petitioners as time-barred since their petition was brought more than four months after respondents' decision to bypass the City Charter franchise procedures was final, and petitioners, by reason of the municipal respondents' issuance of a request for proposals (RFP) suffered an actual, concrete injury (*see* CPLR 217 [1]; *Legal Aid Socy. v City of New York,* 242 AD2d 423 [1997]; *Matter of GFI-Genfare v New York City Tr. Auth.,* 184 AD2d 334 [1992], *lv denied* 80 NY2d 759 [1992]). The RFP's issue without an authorizing resolution by the City Council was itself an act clearly bypassing the franchise process required by the City Charter (NY City Charter § 363 [e]), and petitioners' assertions of a failure of notice are refuted by the record.

The court, however, erred when it found that petitioner Hanley had stated a taxpayer cause of action under General Municipal Law § 51. General Municipal Law § 51 is not a vehicle for correcting purely procedural irregularities by governmental bodies, such as those here asserted (*see Mesivta of Forest Hills Inst. v City of New York,* 58 NY2d 1014, 1016 [1983]; *Beresford Apts. v City of New York,* 238 AD2d 218 [1997], *lv denied* 89 NY2d 815 [1997]; *Fisher v Biderman,* 154 AD2d 155, 159-160 [1990], *lv denied* 76 NY2d 702 [1990]; *Starburst Realty Corp. v City of New York,* 125 AD2d 148, 154-156 [1987], *lv denied* 70 NY2d 605 [1987]). Petitioner Hanley's challenge to the municipal respondents' alleged circumvention of the City Charter's prescribed franchising process should have been brought pursuant to CPLR article 78. We do not, however, convert Hanley's taxpayer action to an article 78 proceeding (*see* CPLR 103 [c]), since such a proceeding by Hanley would be no more timely than the proceeding of the municipal petitioners. Concur—Nardelli, J.P., Tom, Andrias, Saxe and Marlow, JJ.