In the Matter of SUNKEN POND ESTATES, INC., Respondent, v RICHARD O'DEA et al., Appellants. [782 NYS2d 764]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Riverhead Planning Board dated January 16, 2003, which conditioned approval of the petitioner's condominium map upon the payment of the sum of $228,000 to the Town of Riverhead, the appeal is from an order and judgment (one paper) of the Supreme Court, Suffolk County (Werner, J.), dated August 25, 2003, which, upon treating a motion to dismiss the petition as a motion for summary judgment, denied the motion and granted the petition.

Ordered that the order and judgment is modified, on the law, by vacating the judgment and by deleting the provision thereof granting the petition and substituting therefor a provision directing the appellants to serve and file an answer to the petition within five days after service upon them of a copy of this decision and order; as so modified, the order and judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The Supreme Court improperly granted the petition on the ground that Riverhead Town Code § 108-146 did not contain a clear statement of intent to amend or supersede Town Law § 274-a, relying upon *Kamhi v Town of Yorktown* (74 NY2d 423 [1989]). At the time *Kamhi v Town of Yorktown* was decided, Town Law § 274-a did not contain a provision authorizing towns to condition approval of a site plan upon, inter alia, the payment of money in lieu of the dedication of land for recreation. However, in 1993 Town Law § 274-a was amended to permit towns to impose this condition (*see* Town Law § 274-a [6]). Therefore, since the local law at issue here was authorized by Town Law § 274-a when it was effectively re-adopted twice by amendments that increased the applicable fee, it is not invalid based on the failure to contain a clear statement of intent to amend or supersede the Town Law in compliance with the procedures set forth in Municipal Home Rule Law § 22 (1).

Nevertheless, we disagree with the appellants' contention that they established entitlement to dismissal of the petition. The record is insufficient to determine whether the appellants made the specific findings required by Town Law § 274-a (6)

prior to conditioning approval of the condominium map on the payment of $228,000 to the Town of Riverhead for park, playground, and other recreational purposes (*see Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro,* 76 NY2d 460 [1990]; *Matter of Sepco Ventures v Planning Bd. of Town of Woodbury,* 230 AD2d 913 [1996]). As such it cannot be determined whether the appellants' determination had a rational basis, or was arbitrary and capricious (*see Matter of Talbot v Ward,* 248 AD2d 544 [1998]). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new determination after the appellants answer the petition. Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.