■ In the Matter of HUMANE SOCIETY OF THE UNITED STATES et al., Appellants, v EMPIRE STATE DEVELOPMENT CORPORATION et al., Respondents. [863 NYS2d 107]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (McNamara, J.), entered May 16, 2007 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, among other things, partially granted a motion by respondent HVFG, LLC to dismiss the petition.

Respondent HVFG, LLC, doing business as Hudson Valley Foie Gras, produces foie gras and other products at its Sullivan County farms. In February 2006, HVFG applied for funding from respondent Empire State Development Corporation (here-

inafter ESDC) to permit construction of manure treatment plants, conversion of ventilation systems in six facility buildings, the purchase of equipment, expansion of its operations and compliance with environmental regulations. ESDC is permitted to provide financial and technical assistance from the State Economic Development Fund (*see* McKinney's Uncons Laws of NY § 6266-m [New York State Urban Development Corporation Act § 16-m, as added by L 1968, ch 174, § 1, as amended]). ESDC approved a $420,000 grant to HVFG and, following a public hearing at which no one appeared to comment on the propriety of the grant, submitted the grant application to respondent Public Authorities Control Board, which approved the grant proposal.

In May 2006, petitioner Humane Society of the United States requested copies of ESDC's project plan for the grant and additional materials referenced in the plan, including the memorandum of understanding (hereinafter MOU). ESDC provided the project plan and other documents, but declined to provide a project finance memorandum and cost-benefit analysis on the ground that those documents were exempt from disclosure, and indicated that the MOU did not exist for economic development fund projects. Petitioners, the Humane Society and six individual members thereof, commenced this combined declaratory judgment action and CPLR article 78 proceeding, arguing that the grant was arbitrary and capricious and illegal because it was not made in accordance with the Urban Development Corporation Act, and that ESDC improperly classified the HVFG project as a type II action under the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]). Petitioners also challenged the denial of their Freedom of Information Law (hereinafter FOIL) request.

Following joinder of issue and submission of a memorandum of law by ESDC and the Public Authorities Control Board (hereinafter collectively referred to as the state respondents), HVFG moved to dismiss based upon lack of standing. Supreme Court subsequently dismissed the combined complaint/petition, concluding that all petitioners lacked common-law standing and standing under State Finance Law § 123-b to challenge the state respondents' compliance with the provisions of the Urban Development Corporation Act. While the court found that one petitioner had standing to challenge the state respondents' SEQRA determination, it concluded that the HVFG project was rationally classified as a type II action. In addition, the court concluded that ESDC properly denied the Humane Society's FOIL request. Petitioners appeal and we now modify by direct-

ing ESDC to disclose redacted copies of the project finance memorandum and cost-benefit analysis requested pursuant to FOIL.

Initially, we agree with Supreme Court that petitioners lacked standing under State Finance Law § 123-b to maintain their causes of action challenging the grant for noncompliance with the Urban Development Corporation Act. Petitioners' first two causes of action asserted that the state respondents improperly concluded that "the [proposed] project would be unlikely to take place in New York state without the requested assistance," and failed to ensure that "the project is undertaken in accordance with the [MOU] executed in accordance with this section" (see McKinney's Uncons Laws of NY § 6266-m [2] [b], [d] [New York State Urban Development Corporation Act § 16-m (2) (b), (d), as added by L 1968, ch 174, § 1, as amended]).[1] Under State Finance Law § 123-b (1), a citizen taxpayer—regardless of whether he or she is aggrieved—may challenge "a wrongful expenditure, misappropriation, misapplication, or any other illegal or unconstitutional disbursement of state funds or state property." The statute is narrowly construed (see *Garber v Board of Trustees of State Univ. of N.Y.*, 38 AD3d 833, 834 [2007]; *Kennedy v Novello*, 299 AD2d 605, 607 [2002], *lv denied* 99 NY2d 507 [2003]), and claims "seek[ing] review of a [s]tate actor's alleged mismanagement of funds or the arbitrary and capricious distribution of funds lawfully allocated to an agency are not covered by section 123-b" (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d 579, 589 [1998]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 813-814 [2003], *cert denied* 540 US 1017 [2003]). Here, inasmuch as petitioners' first two causes of action essentially challenge the manner in which the disbursement was conducted and the distribution of funds to HVFG as arbitrary and capricious, Supreme Court properly concluded that petitioners lacked standing under State Finance Law § 123-b (see *Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d at 589; *Kennedy v Novello*, 299 AD2d at 607; *Beresford Apts. v City of New York*, 238 AD2d 218, 219 [1997], *lv denied* 89 NY2d 815 [1997]).

Furthermore, petitioners failed to establish that they have common-law taxpayer standing. That remedy exists to permit

---

1. An MOU is an instrument executed by ESDC and the Legislature, memorializing political agreements on such issues as the provision of quarterly reports and geographical distribution of projects. The state respondents concede that although the Legislature continues to authorize ESDC to disburse moneys every fiscal year, the last executed MOU between ESDC and the Legislature expired by its own terms in 2001.

"taxpayers to challenge important governmental actions, despite such parties being otherwise insufficiently interested for standing purposes, when 'the failure to accord such standing would be in effect to erect an impenetrable barrier to any judicial scrutiny of legislative action' " (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000], quoting *Boryszewski v Brydges*, 37 NY2d 361, 364 [1975]). Here, common-law taxpayer standing is not implicated inasmuch as petitioners do not challenge any "important governmental actions" (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d at 410); that is, petitioners do not challenge any "legislative action" (*Matter of Transactive Corp. v New York State Dept. of Social Servs.*, 92 NY2d at 589), or raise issues involving "the continued vitality of the constraints on power that lie at the heart of our constitutional scheme" (*Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 814). Rather, because petitioners "hav[e] only the remotest legitimate interest in the matter" and the "legally erroneous determination" challenged has "no appreciable public significance beyond the immediately affected parties," common-law taxpayer standing will not be extended to permit review of the first two causes of action (*Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d at 409, 411; cf. *Leichter v Barber*, 88 AD2d 1029, 1030 [1982]).

In contrast, Supreme Court properly concluded that at least one petitioner has standing to challenge the state respondents' SEQRA determination inasmuch as that petitioner allegedly lives adjacent to the site of the proposed project, his drinking water supply will be affected by the project, and he will be impacted by increased noise and truck traffic (*see Matter of Town of Coeymans v City of Albany*, 284 AD2d 830, 833-834 [2001], *lvs denied* 97 NY2d 602 [2001]; *Matter of McGrath v Town Bd. of Town of N. Greenbush*, 254 AD2d 614, 616 [1998], *lv denied* 93 NY2d 803 [1999]; cf. *Matter of Save the Pine Bush, Inc. v Planning Bd. of Town of Clifton Park*, 50 AD3d 1296, 1298 [2008], *lv denied* 10 NY3d 716 [2008]).[2] Turning to the merits, petitioners assert that the state respondents improperly characterized the issuance of the grant as a type II action—i.e., an "action[ ] . . . determined not to have a significant impact on the environment or . . . otherwise precluded from environmental review under [SEQRA]" (6 NYCRR 617.5 [a])—that

---

**2.** Moreover, inasmuch as one of the petitioners has standing, it is not necessary to address respondents' challenges regarding the standing of the remaining petitioners (*see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d at 813).

required no further action on their part (*see* 6 NYCRR 617.6 [a] [1] [i]; *see Matter of Village of Hudson Falls v New York State Dept. of Envtl. Conservation*, 158 AD2d 24, 29 [1990], *affd on op below* 77 NY2d 983 [1991]). The record evinces, however, that the improvements to be funded by the grant involve the construction or maintenance of on-farm buildings to permit the treatment of manure and raising of additional livestock. "[A]gricultural farm management practices," including manure management, are expressly deemed to be type II actions and, thus, the state respondents rationally concluded that the contemplated project is exempt from review (6 NYCRR 617.5 [c] [3]; *see Matter of Pure Air & Water of Chemung County v Davidsen*, 246 AD2d 786, 787-788 [1998], *appeals dismissed* 91 NY2d 955 [1998], 93 NY2d 1013 [1999], *lv denied* 92 NY2d 807 [1998]).[3]

Finally, we agree with petitioners that ESDC improperly denied their FOIL request for the HVFG project finance memorandum and ESDC cost-benefit analysis, documents which were submitted to this Court for in camera review. Portions of these documents contain purely factual data regarding HVFG's financial and operating history and, thus, those portions of the documents are not exempt intra-agency materials (*see* Public Officers Law § 87 [2] [g] [i]; *Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 276-278 [1996]). Accordingly, while ESDC's opinions and projections regarding the economic issues addressed by these documents would be exempt intra-agency materials, the historical, factual portions of the documents should otherwise be disclosed with the exempt projections redacted (*see Matter of Gould v New York City Police Dept.*, 89 NY2d at 275; *Ingram v Axelrod*, 90 AD2d 568, 569 [1982]). Petitioners' remaining arguments are either rendered academic by our decision or, upon consideration, have been found to be lacking in merit.

Rose, Lahtinen, Kavanagh and Stein, JJ., concur. Ordered

---

**3.** Contrary to petitioners' argument, Supreme Court did not err in relying upon affidavits of ESDC employees in determining whether the state respondents' SEQRA determination had a rational basis. Given that Supreme Court had before it the affidavits of the state respondents' employees, all the documents furnished pursuant to FOIL, and inspection reports, compliance reports and permit letters related to HVFG's Concentrated Animal Feeding Operation permit, the state respondents adequately complied with CPLR 7804 (e) such that Supreme Court had a sufficient record before it to render a decision in this matter (*see Matter of Kirmayer v New York State Dept. of Civ. Serv.*, 24 AD3d 850, 851-852 [2005]; *Matter of Poster v Strough*, 299 AD2d 127, 142-143 [2002]; *Matter of Argyle Conservation League v Town of Argyle*, 223 AD2d 796, 798 [1996]; *cf. Matter of Captain Kidd's v New York State Liq. Auth.*, 248 AD2d 791, 792 [1998]).

that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed petitioners' challenge to the denial of their Freedom of Information Law request; petition granted to the extent that respondent Empire State Development Corporation is directed to provide petitioners with redacted copies of the requested project finance memorandum and cost-benefit analysis; and, as so modified, affirmed.