■ In the Matter of COUNTY OF ROCKLAND et al., Appellants, v TOWN OF CLARKSTOWN et al., Respondents. [11 NYS3d 91]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to annul Resolution No. 229-2012 of the respondent/defendant Town Board of the Town of Clarkstown, and action for declaratory relief, the petitioners/plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Walsh II, J.), entered March 7, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In an effort to address complaints concerning traffic and speeding on Newport Road in the Town of Clarkstown, the Town Board of the Town of Clarkstown (hereinafter the Town Board) passed Resolution No. 229-2012. The resolution authorized the placement of a temporary barrier near the intersection of Newport and Samuel Roads, at the boundary between the Village of Chestnut Ridge and the Town, which effectively turned Samuel Road into a dead end. The Resolution also directed the Town Police Department to conduct traffic studies to determine the effect of the barrier on local traffic. The petitioners/plaintiffs, the County of Rockland and related entities and officials (hereinafter collectively the petitioners), commenced this hybrid proceeding pursuant to CPLR article 78 to annul the subject resolution passed by the respondent/defendant Town Board, and action for declaratory relief. The Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.

Initially, contrary to the petitioners' contention, the "Return" to the petition submitted by the Town and the Town Board (hereinafter together the Town) was adequate. There is no "certified transcript of the record of the proceedings under consideration" which the Town could have submitted pursuant to CPLR 7804 (e) as part of its Return. Moreover, the Town effectively complied with CPLR 7804 (e), since its Return provided the Supreme Court with sufficient material by which the court was able to determine whether the resolutions of the Town challenged by the petitioners were irrational, or arbitrary and capricious (see Matter of Duchmann v Town of Hamburg, 93 AD3d 1289 [2012]; Matter of Humane Socy. of U.S. v Empire State Dev. Corp., 53 AD3d 1013, 1018 n 3 [2008]; Matter of Poster v Strough, 299 AD2d 127, 141-142 [2002]; Matter of Argyle Conservation League v Town of Argyle, 223 AD2d 796, 798 [1996]; cf. Matter of Sunken Pond Estates, Inc. v O'Dea, 11 AD3d 471 [2004]).

The Supreme Court properly dismissed the first cause of action, which alleged violation of the prior public use doctrine. The prior public use doctrine limits "the general grant of the

power of eminent domain extended in Town Law § 64 (2)" by prohibiting towns from "acquir[ing] rights in property already devoted to another public use where the acquisition will interfere with or destroy the prior public use" (*Matter of E & J Holding Corp. v Noto*, 126 AD2d 641, 642 [1987]; *see New York Cent. & Hudson Riv. R.R. Co. v City of Buffalo*, 200 NY 113, 117-118 [1910]; *Matter of Board of Educ., Union Free School Dist. No. 2 v Pace Coll.*, 27 AD2d 87, 89 [1966]). The subject breakaway barrier that the Town installed on Samuel Road did not interfere with or destroy the prior public use of Samuel Road. Accordingly, the prior public use doctrine is inapplicable, and does not prohibit the Town from installing the barrier (*see* Vehicle and Traffic Law § 1660 [a] [25]; *Matter of Town of Riga v County of Monroe*, 166 AD2d 39, 41 [1991]; *cf. Matter of E & J Holding Corp. v Noto*, 126 AD2d at 642).

Since the subject resolution directed the Town Police Department to conduct traffic studies to determine the effect of the barrier on local traffic, the Town was not required to first undertake a review under the New York State Environmental Quality Review Act (hereinafter SEQRA) (*see* 6 NYCRR 617.5 [c] [21]; 617.3 [a]). Accordingly, the Supreme Court properly dismissed the second cause of action, which alleged noncompliance with SEQRA.

The Town's installation of the barrier was reasonable, nondiscriminatory, conformed with the Vehicle and Traffic Law, and was not irrational, or arbitrary and capricious (*see* Vehicle and Traffic Law §§ 1640 [a] [16]; 1660 [a] [25]; *People v Randazzo*, 60 NY2d 952, 954-955 [1983]; *Cohen v Board of Trustees of Inc. Vil. of Flower Hill*, 198 AD2d 468 [1993]; *cf. People v Grant*, 306 NY 258, 260-261, 264 [1954]), and the Supreme Court therefore properly dismissed the third cause of action.

The petitioners' remaining contentions are without merit.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Eng, P.J., Leventhal, Hall and Roman, JJ., concur.