Matter of Richmond Children's Ctr., Inc. v Delaney (2021 NY Slip Op 00216)





Matter of Richmond Children's Ctr., Inc. v Delaney


2021 NY Slip Op 00216


Decided on January 14, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 14, 2021

529980

[*1]In the Matter of Richmond Children's Center, Inc., Doing Business as Richmond Community Services, Appellant,
v
Kerry Delaney, as Acting Commissioner of the Office for People with Developmental Disabilities, et al., Respondents.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains (Robert A. Spolzino of counsel) and Zane and Rudofsky, New York City (Edward S. Rudofsky of counsel), for appellant.
Letitia James, Attorney General, Albany (Patrick A. Woods of counsel), for respondents.



Colangelo, J.
Appeal from a judgment of the Supreme Court (Ceresia, J.), entered July 24, 2019 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review respondents' determination calculating petitioner's Medicaid reimbursement rate for the 2017-2018 fiscal year.
Petitioner is a licensed operator of 19 intermediate care facilities, individual residential alternatives and day habilitation programs in Westchester County. The individuals serviced by these facilities have developmental disabilities, and many suffer from serious medical conditions as well. Petitioner is reimbursed for its services through the Medicaid program, and respondents Department of Health and Office for People With Developmental Disabilities are responsible, pursuant to their regulations, to calculate and certify the Medicaid reimbursement rates for a portion of petitioner's operating, facility and capital costs based upon its 12-month consolidated fiscal report for the prior year (see 10 NYCRR 86-10.3; 14 NYCRR 641-1.3, 641-2.3). Respondents' regulations provide, among other things, that there shall be one provider-wide rate for each provider of residential habilitation services and one provider-wide rate for each provider of day habilitation services, and, in calculating and adjusting petitioner's reimbursement rates, respondents apply various factors, including a wage equalization factor, an acuity factor and a budget neutrality factor (see 10 NYCRR 86-10.3, 86-11.3; 14 NYCRR 641-1.3, 641-2.3).
Petitioner commenced this CPLR article 78 proceeding against respondents to challenge the rate determinations for the 2017-2018 fiscal year as arbitrary, capricious and an abuse of discretion, contending that their reimbursement calculation illegally underfunded petitioner by approximately $1,339,950. Respondents submitted an answer, and petitioner subsequently filed a motion seeking discovery (see CPLR 408) and a trial (see CPLR 410), which respondents opposed. Supreme Court denied the motion in its entirety and dismissed the petition on the merits. Petitioner appeals, and we reverse.
CPLR 7804 (e) expressly requires that "[t]he body or officer shall file with the answer a certified transcript of the record of the proceedings under consideration, unless such a transcript has already been filed with the clerk of the court. The respondent shall also serve and submit with the answer affidavits or other written proof showing such evidentiary facts as shall entitle [the respondent] to a trial of any issue of fact." Where deficiencies in the record preclude meaningful review of the petitioner's contentions, the matter must be remitted for a new determination (see Matter of Hairston [Okun-Commissioner of Labor], 116 AD3d 1267, 1268 [2014]; Matter of Muhammad v Selsky, 279 AD2d 742, 743 [2001]).
The petition alleged that respondents' rate reimbursement calculations were arbitrary, capricious and an abuse of discretion [*2]based upon, among other things, respondents' unilateral calculations of the acuity factor, wage equalization factor and budget neutrality factor that were neither transparent nor verifiable based on the information provided by respondents. The petition also alleged, among other things, that the rate determinations failed to take into account staff vacancies, labor market conditions and "wage compression" issues faced by petitioner due to the increase in the state minimum wage and overtime expenses anticipated to be incurred. Petitioner set forth the calculated amount of underfunding of direct support staff and clinical staff in petitioner's day habilitation programs and intermediate care facilities that will result from the challenged rate determination. The answer contained, among other exhibits, affidavits of respondents' mid-level managers that explained the rate setting methodology for services provided by petitioner, "extracts" from petitioner's cost report, a document that contained statewide and regional average calculations, summaries of the "Rate Rationalization Methodology" for petitioner's various programs and a barely legible chart of summary conclusions as to petitioner's revenues. None of the documents, however, contained calculations or back-up data that would allow Supreme Court or this Court to review and verify the accuracy of respondents' summary figures and conclusions.
Respondents admit that the rate must be set on the basis of consolidated fiscal reports (see 10 NYCRR 86-10.3); however, as petitioner correctly contends, respondents have not disclosed the consolidated fiscal reports on which their calculations are based. Instead, respondents have taken the position that petitioner and the reviewing courts must accept, at face value, the numbers on which the calculations are based. We agree with petitioner that absent disclosure of the actual formulas and data used by respondents in making their calculations, neither meaningful judicial review of the challenged rates can be undertaken, nor a determination made as to whether respondents' legal obligation to fund petitioner's programs was satisfied. Further, in dismissing the petition, Supreme Court mischaracterized petitioner's challenge as being to the rationality of the regulations themselves and the application of the acuity, wage equalization and budget neutrality factors to the calculations of petitioner's reimbursement rates. The gravamen of petitioner's challenge, however, concerns the failure of respondents to produce the consolidated fiscal reports and other data upon which petitioner's reimbursement rates were based. In view of the foregoing, the record is insufficient to discern whether respondents' determination had a rational basis or whether it was arbitrary and capricious (see Matter of Sunken Pond Estates, Inc. v O'Dea, 11 AD3d 471, 472-473 [2004]; Matter of Talbot v Ward, 248 AD2d 544, 544-545 [1998]; compare Matter of Duchmann v Town of Hamburg, 93 AD3d [*3]1289, 1289 [2012]; Matter of Global Tel*Link v State of N.Y. Dept. of Correctional Servs., 70 AD3d 1157, 1159 [2010]; Matter of Argyle Conservation League v Town of Argyle, 223 AD2d 796, 798 [1996]). In this regard, it was error for Supreme Court to reach the merits of, and dismiss, the petition without directing respondents to produce a full administrative record as part of their answer (see CPLR 7804 [e]; Matter of Smiler v Board of Educ., 15 AD3d 409, 410 [2005]). We therefore remit the matter to Supreme Court for a new determination of this proceeding after respondents supplement their answer with a full administrative record.
Egan Jr., J.P., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.