■ In the Matter of JEFFREY M. JOHNS, Appellant, v KEVIN M. RAMPE et al., Respondents. [808 NYS2d 18]—

Order, Supreme Court, New York County (Charles J. Tejada, J.), entered August 24, 2004, which dismissed the proceeding as untimely, unanimously affirmed, without costs.

There is no merit to petitioner's argument that the timeliness of the proceeding is governed by the one-year-and-90-day limitations period in Urban Development Corporation Act ([UDCA] L 1968, ch 174, § 1) § 31-a (McKinney's Uncons Laws of NY § 6281-a), not the four-month limitations period in CPLR 217 (1). By its terms, UDCA § 31-a applies to an action in tort, not a proceeding in the nature of mandamus, clearly the case here in which petitioner seeks to annul the determination of the Lower Manhattan Development Corporation (LMDC) selecting the winning design in the competition for the World Trade Center memorial on the ground that LMDC did not follow its own rules governing the competition. The proceeding therefore had to be commenced within four months after petitioner received notice of the determination that aggrieved him (*see New York State Assn. of Counties v Axelrod*, 78 NY2d 158, 165-166 [1991]). A party is aggrieved by a determination when "able to understand [its] consequences [and] impact" (*id.*; *see also Matter of Edmead v McGuire*, 67 NY2d 714 [1986]). Here, the decision that had an impact on petitioner was not that made on January 6, 2004 selecting the winner of the competition from the eight Stage II finalists, but the decision made on November 19, 2003 eliminating all but eight of the 5,201 Stage I entries, including petitioner's (*see Matter of GFI-Genfare, Div. of Gen. Signal Tech. Corp. v New York City Tr. Auth.*, 184 AD2d 334 [1992], *lv denied* 80 NY2d 759 [1992] [four-month period began to run not when contract awarded but when petitioner advised that any bid it might make would not be considered]).

We also reject petitioner's argument that the statute of limitations never began to run because he was not given individual written notice of his elimination. Under the circumstances, i.e.,

a worldwide competition with over 5,000 entrants, the November 19, 2003 publication of the eight finalists on LMDC's Web site and in news media, including the New York Times, Wall Street Journal, Associated Press, Reuters and television broadcast and cable network channels, sufficed as notification. There was no requirement in LMDC's guidelines governing the competition, and petitioner cites no statute or rule, entitling entrants to individual written notice of their elimination, and respondents' submissions as to the widespread dissemination of LMDC's November 19, 2003 announcement of the finalists establish that petitioner knew, or should have known, of his elimination at that time (*see 90-92 Wadsworth Ave. Tenants Assn. v City of N.Y. Dept. of Hous. Preserv. & Dev.*, 227 AD2d 331, 331-332 [1996]). Thus, it was incumbent on petitioner to show, at least prima facie, that he did not receive or should not have known of the public announcement, which he did not do. Concur—Tom, J.P., Andrias, Friedman, Sullivan and Malone, JJ.