**Jeffrey M. JOHNS, Plaintiff–Appellant,**

v.

**Kevin M. RAMPE, Anita Contini, Irene Chang, John Doe, Jane Doe, Defendants–Appellees.**

No. 07–5605–cv.

United States Court of Appeals, Second Circuit.

June 26, 2009.

Garth Molander, Molander & Associates, Bohemia, NY, for Appellant.

Ann P. Zybert, Assistant Solicitor General, State of New York (Andrew M. Cuomo, Attorney General; Barbara D. Underwood, Solicitor General, and Benjamin N. Gutman, Deputy Solicitor General, on the brief), New York, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Jeffrey Johns appeals from the district court's dismissal of this case for lack of jurisdiction under the *Rooker–Feldman* doctrine. *Johns v. Rampe*, 524 F.Supp.2d 177 (E.D.N.Y.2007). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Insofar as the plaintiff asserts that the decision by the New York Supreme Court, Appellate Division, on his appeal from the trial court's dismissal of his claim on statute of limitations grounds, deprived him of the opportunity to litigate the merits of his claims, *Johns v. Rampe*, 23 A.D.3d 283, 284–85, 808 N.Y.S.2d 18, 19 (1st Dep't 2005), and asks the district court to "allow the merits of Plaintiff's Article 78 petition to be heard in the Supreme Court of New York State," his claim is barred by the *Rooker–Feldman* doctrine. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983);

*Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Applying the *Rooker–Feldman* doctrine, the district court correctly ruled that it lacked jurisdiction to consider this lawsuit because the plaintiff lost in state court; the injuries the plaintiff complains of were allegedly caused by the state-court judgment; the plaintiff invited district court review and rejection of that judgment; and the state-court judgment was rendered before the district court proceedings commenced. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir.2005).

The plaintiff appears at times to seek to reframe his argument to assert that his injury was caused not by the state court's ruling on the statute of limitations question, but by the inadequate notice given to him by the defendants. This approach is also unavailing. The "established rule" is that "federal courts ... give preclusive effect to state court judgments whenever the courts of that state would do so." *Bray v. New York Life Ins.*, 851 F.2d 60, 62 (2d Cir.1988). "Under New York law, a prior decision dismissed 'on the merits' is binding in all subsequent litigation between the same parties on claims arising out of the same facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not." *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 397 (2d Cir.1997). Under New York's "transactional analysis" approach, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Id.* at 399 (internal quotation marks omitted).

To the extent that Johns's present claims assert that the notice provided by the Lower Manhattan Development Cor-

poration ("LMDC") was constitutionally defective, they are barred by the doctrine of claim preclusion. Johns could have raised them during the prior state court proceedings. Indeed, the Appellate Division explicitly addressed the adequacy of the notice provided by the LMDC in connection with Johns's argument that the statute of limitations never began to run. *See Johns,* 23 A.D.3d at 284–85, 808 N.Y.S.2d 18 ("We ... reject petitioner's argument that the statute of limitations never began to run because he was not given individual written notice of his elimination. Under the circumstances, i.e., a worldwide competition with over 5,000 entrants, the November 19, 2003 publication of the eight finalists on LMDC's Web site and in news media, including the New York Times, Wall Street Journal, Associated Press, Reuters and television broadcast and cable network channels, sufficed as notification."). Johns's present constitutional claims arise out of the same transaction or series of transactions as the claims he pursued in state court. The parties involved are the same.[1] Finally, "New York treats a dismissal on statute of limitations grounds as a final judgment on the merits for *res judicata* purposes," *Bray,* 851 F.2d at 64, so Johns's state court action ended with a final judgment on the merits. Although we have in some circumstances concluded that the doctrine of claim preclusion does not apply when an unsuccessful Article 78 plaintiff seeks § 1983 relief in federal court because "a state court entertaining an Article 78 proceeding does not have the power to award the full measure of relief available in subsequent section 1983 litigation," *Vargas v. City of New York,* 377 F.3d 200, 205 (2d Cir.2004) (citing *Davidson v. Capuano,* 792

F.2d 275, 278 (2d Cir.1986)), this argument only applies "if the initial forum did not have the power to award the full measure of relief sought in the later litigation," *Davidson,* 792 F.2d at 278. Here, because Johns does not seek damages, the Article 78 proceedings could have provided all the relief that he seeks. Thus, Johns's constitutional claims are barred by claim preclusion.

For the foregoing reasons, the judgment of the district court is hereby AF-FIRMED.

---

**1.** Johns's state court complaint lists as respondents the "LMDC Board of Directors and Staff ... including but not limited to Kevin Rampe, Irene Chang, et al."

