**Greene v 207-213 W. 144th St. Hous. Dev. Fund Corp.**

2024 NY Slip Op 32664(U)

July 31, 2024

Supreme Court, New York County

Docket Number: Index No. 652393/2023

Judge: James E. d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   Hon. James E. d'Auguste    PART 55

_Justice_

----------------------------------------------------------------------X

LATONIA GREENE,

                                    Plaintiff,

- v -

207-213 WEST 144TH STREET HOUSING
DEVELOPMENT FUND CORP., LAURINE JACKSON,
BENJAMIN BAKER, DWIGHT JORDAN, MALIKA CHERRY,
LEAH FRANCIS, BEVERLY YVETTE SAVAGE, NEW
BEDFORD MANAGEMENT CORP., JOHN DOE NOS. 1-20,

                                    Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652393/2023 |
| MOTION DATE | 08/28/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42

were read on this motion to/for                    DISMISSAL                    .

Defendants 207-213 West 144th Street Housing Development Fund Corp. ("207-213 West 144th Street" or "Co-op"), Laurine Jackson, Benjamin Baker, Dwight Jordan, Malika Cherry, Leah Francis, Beverly Yvette Savage (collectively, the "Individual Board Members") and New Bedford Management Corp. ("New Bedford") seek an order, pursuant to CPLR 3211(a)(1), (5), (7), dismissing plaintiff Latonia Greene's complaint.  The motion is granted.

The gravamen of plaintiff's cause of action is that she has been wrongfully deprived for a 20-year-period of her rights as a cooperative shareholder of 207-213 West 144th Street.  Plaintiff also asserts claims relating to purported discrimination based upon her sexual orientation, failure to make repairs, improper assessments, and illegally preventing access to corporate books and records.  As a result of the aforementioned alleged conduct, plaintiff has filed claims seeking a declaration and injunctive relief relating to her claim to be a shareholder of the subject co-op, discrimination claims under the New York State Human Rights Law ("NYSHRL") and New

York City Human Rights Law ("NYCHRL"), and, pursuant to Business Corporation Law ("BCL") 624, Court-directed access to the Co-op's books and records.

Plaintiff's assertion that she was wrongfully deprived of shareholder status is time-barred. In 2004, plaintiff was informed that she was not a shareholder because she did not meet the eligibility requirements for the cooperative conversion. The conversion documents provide:

> A tenant is eligible to buy shares for $250 only if, 15 days after the Notification Date, the tenant is current in rent or has committed to pay the arrears under a signed payment agreement with the Tenant Association.

NYSCEF Doc. No. 19. Plaintiff has never submitted documentation showing that she was not in arrears, and such documentation that does exist shows that plaintiff had a substantial arrearage.

Plaintiff appears to base her entitlement to shareholder status on her payment of the $250 purchase price, but a ledger entry from 2004 states: "$250 received for payment towards purchase. Stipulation to purchase required tenant to be up to date in rental payments as of December 2003. Tenant was in arrears $3,015." Due to the rental arrearage, the $250 payment was credited to plaintiff's rental arrears, which apparently remained in arrears for at least another decade. Plaintiff has been given multiple opportunities to demonstrate her purported entitlement to shareholder status, which required a demonstration that she was not in rental arrears within 15 days of the notification date of the cooperative conversion. On April 7, 2017, plaintiff asserts in her verified complaint that the Co-op notified her that it was refusing to provide her with shares of cooperative stock and proprietary lease. NYSCEF Doc. No. 2 at ¶33 (verified complaint). On that date, plaintiff also was required to sign a standard rental lease with 207-213 West 144th. NYSCEF Doc. No. 2 at Ex. 3. This decision was again documented in a May 19, 2019, letter wherein the Co-op reiterated that plaintiff was not a shareholder, and her monthly payments have never been maintenance but rent. NYSCEF Doc. No. 24.

[* 2]

Pursuant to CPLR 217(a), Plaintiff had four months from April 7, 2017, to timely commence this litigation challenging the Co-op's decision to reject her status as a shareholder. *Buttitta v. Greenwich House Co-op Apartments, Inc.*, 22 A.D.3d 250, 251 (1st Dep't 2004). Plaintiff's contention that the four-month statute of limitations only applies to government agencies lacks merit as the appellate courts have applied this statute of limitations to challenges to residential cooperative board decisions. *Id.* Likewise without merit is plaintiff's contention her cause of action did not accrue until 2023, which is when her attorney sent new letters again demanding that plaintiff be recognized as a shareholder. Plaintiff's cause of action accrued when she was first notified of the negative determination and could reasonably understand its consequences. *Johns v. Rampe*, 23 A.D.3d 283, 284 (1st Dep't 2005). At the outside, plaintiff is deemed to have understood the consequences of the Board's decision when they rejected her shareholder status in 2017 and required her to physically sign a rental lease agreement for her apartment.

Next, the breach of fiduciary duty claim against the individual members fails to state a potential meritorious cause of action. Claims asserting breach of fiduciary duty have a heightened pleading standard. Plaintiff was "required to plead with specificity independent tortious acts by each individual defendant." *Pelton v. 77 Park Ave. Condo.*, 38 A.D.3d 1, 9-10 (1st Dep't 2006). With the exception of one individual, plaintiff's pleadings are devoid of any factual allegations. As for the one allegation directed at a board member—that the individual blocked plaintiff's trash room access—it is not a basis for a breach of fiduciary claim. In any event, the board members did not owe plaintiff a fiduciary duty. As the cooperative conversion agreement, coupled with the contemporaneous rental ledger for subject apartment, make plain,

**652393/2023   GREENE, LATONIA vs. 207-213 WEST 144TH STREET HOUSING DEVELOPMENT**            **Page 3 of 4**
**FUND CORP. ET AL**
**Motion No.  001**

[* 3]                                                           3 of 4

plaintiff was not entitled to become a shareholder by paying $250 in 2004 because she was in rental arrears at the time.

Further, plaintiff has failed to state a cause of action for discrimination under either NYSHRL or NYCHRL. The complaint is devoid of factual allegations sufficient to show a cause of action premised upon her sexual orientation. It seems evident that the Co-op has uniformly taken the position that plaintiff was ineligible to become a shareholder. This is because the cooperative conversion agreement required tenants, such as plaintiff, to be current on their rent within 15 days of the conversion notice date, which was over two decades ago. Thus, the refusal of the Co-op to provide plaintiff a proprietary lease or inspect the records of the cooperative cannot be a basis of a discrimination claim. Moreover, plaintiff has not demonstrated the existence of purportedly discriminatory acts within either the one-year and three-year statute of limitations periods for NYSHRL and NYCHRL, respectively.

Finally, plaintiff has no right to compel inspection of the Co-op's records under BCL 624(b). By its terms, the right to inspect the records under this BCL provision is limited to shareholders of the cooperation. Plaintiff is not a cooperative shareholder. As a non-shareholder, plaintiff is not permitted access to the Co-op's records under this statutory provision.

Accordingly, the motion to dismiss is granted and the Clerk is directed to dismiss the verified complaint with prejudice.

This constitutes the decision and order of this Court.

| 7/31/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | | **James d'Auguste, J.S.C.** |

| **CHECK ONE:** | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**652393/2023   GREENE, LATONIA vs. 207-213 WEST 144TH STREET HOUSING DEVELOPMENT FUND CORP. ET AL**
**Motion No.  001**

Page 4 of 4

[* 4]